GEORGE  T.  CASSIER  *vs.*  CONTRIBUTORY  RETIREMENT APPEAL BOARD.

Suffolk.  January 5, 1955. — February 9, 1955.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Retirement. Proximate Cause. Quasi Judicial Tribunal.*

In a certiorari proceeding to quash a decision by the contributory retirement appeal board affirming a decision by a city retirement board that a member of the city's retirement system was not entitled to an accidental disability retirement allowance under G. L. (Ter. Ed.) c. 32,

§ 7, as appearing in St. 1945, c. 658, § 1, it was error to enter a judgment quashing the appeal board's decision on the ground that the city board had improperly held as matter of law that there could be no causal connection between an accident relied on by the member and the alleged disability occurring some seven years later, where it appeared from the record that the city board merely had made a finding of fact, warranted by the evidence, that there was no such causal connection.

PETITION for a writ of certiorari, filed in the Superior Court on April 26, 1954.

The case was heard by *Morton,* J.

*Fred W. Fisher,* Assistant Attorney General, for the respondent.

*John B. O'Hare,* for the petitioner.

SPALDING, J. The petitioner applied to the Chelsea retirement board, hereinafter called the local board, for an accidental disability retirement allowance under G. L. (Ter. Ed.) c. 32, § 7, as appearing in St. 1945, c. 658, § 1. The local board denied his application and he appealed to the contributory retirement appeal board under G. L. (Ter. Ed.) c. 32, § 16 (4), as appearing in St. 1945, c. 658, § 1. This board, which will hereinafter be called the appeal board, affirmed the decision of the local board. By this petition for certiorari the petitioner seeks to quash the decision of the appeal board. The case was heard on the petition and the return. The return included all of the evidence heard by the appeal board. The judge made findings of material facts and rulings of law and entered a judgment quashing the decision of the appeal board. From this judgment the board appealed. G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4.

The return reveals the following: The petitioner was employed as a carpenter in the building department of the city of Chelsea, and is a member of the contributory retirement system of that city. On November 6, 1946, he sustained an injury to his back while setting up voting booths, and was incapacitated for a period of seven weeks. He sustained another back injury on April 11, 1950, while working and was away from work for four days. There was a recurrence of

his back injury in June, 1952, for which he received medical treatment. His physician at that time diagnosed his ailment as "a chronic low back strain . . . subject to recurrent attacks."

On or about August 5, 1953, the petitioner applied for an accidental disability retirement allowance under the provisions of G. L. (Ter. Ed.) c. 32, § 7, as appearing in St. 1945, c. 658, § 1. The petitioner was examined by a medical panel pursuant to § 6, as amended, of c. 32 and the panel made a report of their findings and recommendations in which they stated that the petitioner was suffering from "chronic lumbosacral back strain [and] associated hypertrophic arthritis"; that he was incapacitated from further duty in his present position; and that such disability was likely to be permanent. They gave as their opinion "that the disability noted above is . . . the natural and proximate result of the accident or hazard undergone on account of which the retirement is claimed." The report of the panel was before the local board as evidence and was later considered by the appeal board. The local board rendered a decision adverse to the petitioner in which it was stated that "you have failed to substantiate your claim that your present physical condition is a direct result of the specific accident (November 6, 1946) for which you claim an accidental disability retirement." From this decision the petitioner appealed to the appeal board. G. L. (Ter. Ed.) c. 32, § 16 (4), as appearing in St. 1945, c. 658, § 1. Down to and including the hearings before both boards the petitioner was still working as a carpenter in the building department of the city of Chelsea.

Under § 7 of c. 32 "Any member . . . [in certain designated groups] who becomes totally and permanently incapacitated for further duty before attaining the maximum age for his group by reason of a personal injury sustained or a hazard undergone as a result of, and while in the performance of, his duties at some definite place and at some definite time on or after the date of his becoming a member . . . without serious and wilful misconduct on his part," is

entitled to retirement under certain conditions which need not concern us.

The judge found that both boards gave the petitioner's case careful consideration and their decisions were not whimsical, capricious or arbitrary. He also ruled — and correctly — that the report of the medical panel was not binding on the board.[1]

The judge goes on to say, "In analyzing the report I find, however, that the action of the . . . [local board] was motivated as set forth in the record by their opinion relative to the words, 'natural and proximate result of such injuries' and the board felt that an accident that happened seven years before could not be construed as a 'natural and proximate result of the present disability.' . . . I find and rule that the . . . [local board] committed an error of law in finding that an accident seven years before could not result in disability in that time after the accident, and that the . . . [appeal board] in turn made an error of law in ruling that the . . . [local board] did not err in its decision."

The sole basis in the return for this ruling is the testimony of one Sullivan, a member of the local board. He testified as follows: "I think what motivated the board is the words 'natural and proximate results of such injuries,' and the board felt that an accident that happened seven years before could not be construed as a natural and proximate result [cause?] of the present disability. But the medical panel certified that it was." Perhaps read out of context and very literally this statement might support the conclusion of the trial judge, but reading all of the evidence together with the findings of the local board we are of opinion that they did not labor under the belief that because of the long lapse

---

[1] Section 7 makes it apparent that the board is to decide the case on all the evidence and that while the report of the medical panel must be considered, it is not conclusive. The pertinent provisions of § 7 read: "No such retirement shall be allowed unless the board, after such proof as it may require, including in any event an examination by the medical panel provided for in subdivision (3) of section six and including a certification of such incapacity by a majority of the physicians on such medical panel, shall find that such member is mentally or physically incapacitated for further duty to the extent and under the circumstances set forth in this section, that such incapacity is likely to be permanent, and that he should be so retired."

of time intervening there could as matter of law be no causal connection between the injury and the disability. Moreover, Sullivan was only one member of the board and his statement of what motivated the board was not controlling. Of course, if the local board had held such a view its decision would rest on an erroneous principle of law and could not stand. See *Bradford's Case*, 319 Mass. 621, 623. But that is not what happened. We think that a fair interpretation of what the local board did was to make a finding of fact, which was amply warranted by the evidence, that there was no causal connection between the injury on November 6, 1946, and the present disability. On this construction of what the local board did and what the appeal board did in affirming that decision the decision of the trial judge was erroneous.

The judgment is reversed and a new judgment is to be entered dismissing the petition.

*So ordered.*