JOSEPH J. HUNT *vs.* CONTRIBUTORY RETIREMENT APPEAL BOARD.

Suffolk.    April 4, 1955. — June 3, 1955.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Retirement.*

There can be no retirement under G. L. (Ter. Ed.) c. 32, § 7, as appearing
in St. 1945, c. 658, § 1, for accidental disability unless it is total and
permanent.  [627]
A retirement board cannot make a finding of total and permanent incapacity through accident under G. L. (Ter. Ed.) c. 32, § 7, as appearing in St. 1945, c. 658, § 1, without a certification of such incapacity by a medical panel.  [627]
A decision of the contributory retirement appeal board affirming a decision of a local retirement board denying an application for accidental disability retirement under G. L. (Ter. Ed.) c. 32, § 7, as appearing in St. 1945, c. 658, § 1, showed no error where the certification by the medical panel before the local board stated that the applicant's incapacity, although due to an accident in the course of his work and "likely to be permanent," was only partial.  [627]

PETITION for a writ of certiorari, filed in the Superior Court on June 10, 1954.

The case was heard by *Lurie,* J.

*Paul A. M. Hunt,* for the petitioner.

*Fred W. Fisher,* Assistant Attorney General, for the respondent.

SPALDING, J.   This is a petition for certiorari.

The petitioner applied to the Milton retirement board (hereinafter called the local board) for an accidental disability retirement allowance under G. L. (Ter. Ed.) c. 32,

§ 7, as appearing in St. 1945, c. 658, § 1. The local board denied his application and he appealed to the contributory retirement appeal board under G. L. (Ter. Ed.) c. 32, § 16 (4), as appearing in St. 1945, c. 658, § 1. That board (hereinafter called the appeal board) affirmed the decision of the local board. The petitioner then brought this petition for certiorari upon which judgment was entered dismissing his petition. The petitioner appealed. G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4. The case was heard on the petition and the return.

The petitioner, since September 9, 1944, has been employed as a meter reader in the water department of the town of Milton, and is a member of the town's contributory retirement system. On July 14, 1949, according to the evidence, while leaving a house after reading a water meter, he turned his left ankle and fell against the banister of the back porch, sustaining injuries to his left arm and thigh. A report of this injury was filed on July 22, 1949. Based on effects alleged to have resulted from this accident the petitioner filed an application for retirement with the local board on April 7, 1953.

As provided in c. 32, §§ 6 and 7, the petitioner was examined by a medical panel of three physicians, one of whom was his family physician. The panel certified to the local board that the petitioner was suffering from a "calcified subdeltoid bursitis of left shoulder and cervical radiculitis"; that he was "partially physically incapacitated for further duty in his present position"; that such disability was likely to be permanent; and that this disability was "the natural and proximate result of the accident or hazard undergone on account of which the retirement is claimed."

Thereafter, at a meeting of the local board, held on May 29, 1953, the petitioner's application was considered. Upon the evidence presented, including the certificate of the medical panel, it was voted unanimously that the petitioner's application be denied.

Accidental disability retirement allowance is governed by

c. 32, § 7, the pertinent portions of which read: "Any member in service . . . [in certain classifications] who becomes totally and permanently incapacitated for further duty . . . shall be retired for accidental disability . . . . No such retirement shall be allowed unless the board, after such proof as it may require, including in any event an examination by the medical panel . . . and including a certification of such incapacity by a majority of the physicians on such medical panel, shall find that such member is mentally or physically incapacitated for further duty to the extent and under the circumstances set forth in this section, that such incapacity is likely to be permanent, and that he should be so retired."

These provisions make it abundantly clear that there can be no retirement for accidental disability unless the local board finds that the disability is both total and permanent. And before this finding can be made the board must have before them as evidence a certification "of such incapacity" by the medical panel provided for in § 6 (3). Such certification, it is true, is not binding on the local board (*Cassier* v. *Contributory Retirement Appeal Board, ante,* 237) but without it the board cannot make a finding that the applicant is "totally and permanently incapacitated"; it is, in other words, a condition precedent to an accidental disability retirement allowance. Here such a certificate was lacking, for the panel stated that the petitioner's incapacity was only partial. In view of this conclusion we need not discuss the petitioner's contention that the appeal board had before it evidence which had not been introduced as such at the hearing before them. We are of opinion that the action of the appeal board in affirming the decision of the local board reveals no error of law and that the entry must be.

*Judgment affirmed.*