ANNA L. KELLEY *vs.* CONTRIBUTORY RETIREMENT APPEAL BOARD.

Suffolk.    October 5, 1960. — January 6, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Retirement.*

The Contributory Retirement Appeal Board, having jurisdiction under G. L. c. 32, § 16 (4), of an appeal by an applicant for accidental disability retirement from a decision by the local retirement board denying the application, should not have dismissed the appeal on deciding the merits adversely to the applicant, but should have affirmed the decision of the local board.    [613]

A certification by a medical panel stating only that disability of an applicant for accidental disability retirement was "not" service connected did not comply with the requirement of G. L. c. 32, § 6 (3) (a), that the panel certify whether or not the disability "might be" service connected.    [613–616]

Where a local retirement board denied an application for accidental disability retirement, and its decision was sustained by the Contributory Retirement Appeal Board, by reason of a certificate of a medical panel that the disability was "not" service connected, which did not comply with the requirement of G. L. c. 32, § 6 (3) (a), that the panel certify whether or not the disability "might be" service connected, the case should be remanded to the local board for a proper medical panel certificate and further proceedings accordingly.    [616]

A certificate by a medical panel under G. L. c. 32, § 6 (3) (a), in a proceeding for accidental disability retirement, besides stating as required by the statute whether or not the disability "might be" service connected, may appropriately also state the physicians' conclusion that it actually is or is not service connected.  [616]

Upon an appeal to the Contributory Retirement Appeal Board from denial by a local board of an application for disability retirement on the ground of a negative certificate in proper form made by a medical panel under G. L. c. 32, § 6 (3) (a), the appeal board must afford the applicant an opportunity to show that the certificate was made without following proper procedure or was not based on correct principles of law, but if such improper procedure or error of law does not appear, the appeal board is bound by the certificate and must affirm the local board's denial of the application.  [616–617]

PETITION, filed in the Superior Court on December 10, 1958, for review of a decision of the Contributory Retirement Appeal Board.

The case was heard by *R. Sullivan, J.*

*William H. Kerr,* for Boston Retirement Board, intervener.

*Vincent J. Cosgrove,* for the petitioner.

*Herbert E. Tucker, Jr.,* Assistant Attorney General, (*Pasquale J. Piscitelli* with him,) for the respondent Contributory Retirement Appeal Board.

WHITTEMORE, J.  The Contributory Retirement Appeal Board, after hearing, on motion of the Boston Retirement Board (intervener and appellant), dismissed the appeal of the petitioner under G. L. c. 32, § 16, from the decision of the Boston Retirement Board on December 28, 1956, denying her application for accidental disability retirement.  The ground for dismissing the appeal was that, as was established at the hearing, a medical panel had not certified that the disability was service connected.  This was ruled a condition precedent to retirement under G. L. c. 32, § 7.  On a petition to the Superior Court for judicial review under the Administrative Procedure Act, G. L. c. 30A, § 14, a final decree was entered setting aside the decision of the Contributory Retirement Appeal Board and ordering that that board conduct hearings upon the appeal.

1.  The petitioner was entitled to have her appeal heard by the Contributory Retirement Appeal Board.  General

Laws c. 32, § 16 (4), provides, with exceptions not relevant, that "any person aggrieved by any action taken or decision of a board rendered, or by the failure of a board to act, may appeal . . . . The contributory retirement appeal board . . . shall hold a hearing . . . [and] shall pass upon the appeal, and its decision shall be final and binding . . . ." The petitioner was of course a "person aggrieved." There was no lack of jurisdiction in the appeal board. Compare *First Christian Church* v. *Brownell,* 332 Mass. 143, 147; *Marotta* v. *Board of Appeals of Revere,* 336 Mass. 199, 202–205; *Singer Sewing Mach. Co.* v. *Assessors of Boston, ante,* 513, 516–517.

The proceedings before the appeal board were analogous to those on a plea, a hearing on an issue which is averred to be decisive of the case. *Hannan* v. *Enterprise Pub. Co., ante,* 363, 365. *Singer Sewing Mach. Co.* v. *Assessors of Boston, ante,* 513, 515. That issue, we hold, for reasons to be stated, was not decisive, but had the appeal board been right in its conclusion it should have affirmed the decision of the Boston Retirement Board instead of dismissing the appeal.

2. The certification by the panel, apparently in the words provided by the form supplied, was, "We are of the opinion that the disability noted above is not the natural and proximate result of the accident or hazard undergone on account of which the retirement is claimed." This is not the certification called for by the statute.

General Laws c. 32, § 6 (3) (a), provides: "No member shall be retired for disability under [§§ 6 or 7] . . . unless a majority of the physicians on . . . [the] panel shall . . . certify to the board in writing that such member is mentally or physically incapacitated for further duty and that such incapacity is likely to be permanent, and, in any case . . . under section seven, the panel shall further state *whether or not* the disability is such as *might* [emphasis supplied] be the natural and proximate result of the accident or hazard undergone . . . ." Section 7 (1) provides that a member "who becomes totally and permanently incapaci-

tated for further duty . . . by reason of a personal injury sustained or a hazard undergone as a result of, and while in the performance of, his duties . . . shall be retired for accidental disability . . . . No such retirement shall be allowed unless the board, after such proof as it may require, . . . including a *certification of such incapacity* [emphasis supplied] by a majority of the physicians on such medical panel, shall find . . . [incapacity] to the extent and under the circumstances set forth in this section . . . ."

The requirement in § 7 of a "certification of such incapacity" refers to the earlier language in the section defining service connected incapacity, and action by the local board is conditioned on a "certification of such incapacity." *Hunt* v. *Contributory Retirement Appeal Bd.* 332 Mass. 625, 627. *Mathewson* v. *Contributory Retirement Appeal Bd.* 335 Mass. 610, 613–614. But, as the *Mathewson* opinion notes (pp. 613, 615–616), the certification required in respect of causal connection is "whether the disability 'might be the natural and proximate result.' " It is not of the ultimate fact of causal connection. The statute, in apt language ("might be the . . . result"), makes a significant distinction from the requirement of an unqualified certification that "such member is . . . incapacitated for further duty." The two sections, 6 and 7, read together require, for affirmative board action, a certificate of the incapacity and that it might be service connected. This requirement being met, the sections give to the board the determination of whether, on the relevant evidence, which may include nonmedical facts, the causal connection exists. The usual rule will apply to the board's action: the finding may not be based on mere speculation and conjecture notwithstanding that the panel need certify only as to possibility.

The determination of causal connection by the local board under §§ 6 and 7 is analogous to that made under the Workmen's Compensation Act by the Industrial Accident Board and not by physicians.

Although c. 32 does not show a uniform policy in the various requirements for medical certificates, it is signifi-

cant that the distinction of §§ 6 and 7 is maintained in § 85F. That section provides that no police officer shall be retired under § 69 and no police officer or fireman shall be retired under §§ 80 to 85F[1] or § 85H unless a majority of the physicians on a medical panel "shall . . . certify in writing that . . . [he] is mentally or physically incapacitated for further duty and that such incapacity is likely to be permanent, and, in any case involving a retirement for accidental disability, that the disability is such as might be the natural and proximate result of the accident or hazard . . . ." Compare the provisions for annuities (G. L. c. 32, §§ 71, 89A, 89B[2]) which require an unqualified certification of causal connection. In *McLean* v. *Medford,* 340 Mass. 613, the certificate was under § 89A, but the issue was the form of certification where § 94 was also involved. See also § 77 (pensions for laborers).[3]

Where it is the opinion of the medical panel that the "disability is . . . the natural and proximate result," a certificate to this effect, as in *Cassier* v. *Contributory Retirement Appeal Bd.* 332 Mass. 237, 239, and *Hunt* v. *Contributory Retirement Appeal Bd.* 332 Mass. 625, 626, although it is

---

[1] Some of these sections require also a preliminary medical certificate. Section 80 specifies retirement for any fireman "whom the city physician certifies in writing to be permanently disabled, mentally or physically, by injuries sustained or illness incurred through no fault of his own in the actual performance of duty, from further performing duty as such member . . . ." The requirement of § 83 for police officers is similar. Section 84 specifies retirement for any police officer in certain cities and towns "whom the city or town physician and two other physicians certify to be permanently incapacitated, physically or mentally, by injuries sustained in the actual performance of duty in the department." Sections 85 and 85B, on the other hand, specify retirement, respectively, for any police officer or fireman of certain towns and any member of the police force of certain cities and towns found by the retiring authority to be incapacitated for useful service "by injuries received through no fault of his own in the actual performance of his duty," without specification, additional to that in § 85F, of a requirement for a medical certificate.

[2] The requirement of § 89A (§ 89B is similar) is that "a majority of the members of a [medical] board . . . shall certify . . . that the death was the natural and proximate result of the said injury or hazard." Section 71 specifies a certificate from the attending physician or medical examiner "that the death was the direct result of the said injury."

[3] Section 77 provides, in part, for a pension for any "laborer in the employ of such city or town who has reached the age of sixty-five and has been in such employ for not less than twenty-five years, including the time when incapacitated by reason of sickness or other disability incurred in or arising out of the performance of his duty, not exceeding two years in the aggregate, as certified by a physician in regular standing . . . ."

beyond the requirement of the statute, will be in good form, for the required statement of possibility of causal connection is of course included in the unqualified conclusion and the board is not bound by the panel's opinion. *Cassier* case, p. 241. Furthermore the intent of the statute is that the local board have the benefit of the opinion of the physicians in the panel. The certificate is in the nature of evidence. *Mathewson* v. *Contributory Retirement Appeal Bd.* 335 Mass. 610, 615. *McLean* v. *Medford,* 340 Mass. 613, 617. Where, however, the certificate states only the conclusion that there is no causal connection, the local board does not know whether the opinion of the physicians on the possibility of causal connection is such that the board may proceed with the case.

3. The possibility that there will be a medical certificate in form to permit action by the local board, and hence a substantive record on appeal, calls for the remand of the case notwithstanding the broad power of the appeal board as noted in *Quincy Retirement Bd.* v. *Contributory Retirement Appeal Bd.* 340 Mass. 56, 61–62. See *McLean* v. *Medford,* 340 Mass. 613, 617–618. The panel should certify in the words of the statute that the disability is or is not "such as might be the natural and proximate result of the accident or hazard undergone" on account of which retirement is claimed. If the certificate permits, that is, if it states (1) incapacity and (2) the possibility of causal connection, the application will then take the course before the local board, and on appeal, which the statute prescribes. The certificate, as noted, being in the nature of evidence, it may appropriately also state the conclusion of the physicians, in accordance with the form in use, that "the disability is . . . [is not] the natural and proximate result of the accident or hazard . . . ."

An issue remains which has been argued and should be decided: may the appeal board order retirement if there is a negative medical certificate in proper form? The contention of the Boston Retirement Board is that the statute makes an affirmative medical certificate a condition of the

right to retirement and not merely of the power of the local board to make a determination.

The *Quincy* case, *supra,* holds that the appeal board may proceed without the specified affirmative certificate, at least where the certificate is based on an error of law. The appeal board in that case had determined, and rightly as we ruled, that the medical panel had wrongly construed "incapacity" to require incapacity to do other available work. The case holds that the test is incapacity for the position or work of a similar nature for which the employee is qualified. There was therefore a mistake of law underlying the negative certificate. The appeal board on the implication of the certificate and the accompanying statements from the panel as well as on the evidence before it found the necessary incapacity.

Notwithstanding the broad implications of the *Quincy* opinion, 340 Mass. 56, 61,[1] we think there is no right to or power of review of the finding of the medical panel if the certificate does not disclose, or there is no claim of, error of law. The statute prescribes no appeal from the panel's determination. The words of § 16 (4) are "any person aggrieved by any action taken or decision of a board rendered, or by the failure of a board to act." Nevertheless the statute does not intend, as the *Quincy* case shows, that the applicant be foreclosed by a plainly wrong medical certificate, or by a certificate made without conforming to the required procedure of physical examination and review of all the pertinent facts. It follows that the appeal board may not affirm the decision of the local board on a negative certificate without giving the applicant an opportunity to show such wrong or illegal action, but that the applicant does not have an opportunity for a retrial of the medical facts, where there has been a determination of them by the panel, applying proper procedures and correct principles of law. Cf. *Meunier's Case,* 319 Mass. 421. There is not

---

[1] The *Quincy* case says, "Clearly the section envisages cases where the appeal board may disagree with the findings of the medical panel. Nothing in § 16 (4) confines that power to disagree to cases where the medical panel has refused to certify incapacity."

presented the issue of the scope of the review of the local board's action or inaction following an affirmative certificate. See *Sullivan* v. *Municipal Court of the Roxbury Dist.* 322 Mass. 566.

4. There appears to be no other issue which should be resolved by the appeal board before the case is remanded. The final decree therefore is modified to delete the order for a hearing by the appeal board and to provide that the appeal board shall remand the case for further proceedings in accordance with this opinion. As so modified the decree is affirmed.

*So ordered.*