WAKEFIELD CONTRIBUTORY RETIREMENT BOARD *vs.*
CONTRIBUTORY RETIREMENT APPEAL BOARD.

Middlesex. February 8, 1967. — May 2, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Retirement. Proximate Cause.*

The record of a review under G. L. c. 30A, § 14, contained no "substantial evidence" justifying the Contributory Retirement Appeal Board over-turning a finding of a local retirement board that one authenticated episode of smoke inhalation suffered by a municipal call fireman while on duty, necessitating his hospitalization overnight, was not the cause of his subsequent permanent incapacity from "severe pulmonary emphysema and chronic bronchitis," even though the medical panel certified that the episode might have been the cause of the incapacity; and the fireman was not entitled to retirement for accidental disability under c. 32, § 7.

PETITION for review filed in the Superior Court on November 2, 1964.

The case was heard by *Tomasello, J.*

*Francis C. McGrath,* Town Counsel, for the petitioner.

*Lillian C. Levine* for James F. Hurton (*Herbert E. Tucker, Jr.,* Assistant Attorney General, for Contributory Retirement Appeal Board, with her).

KIRK, J. The Wakefield contributory retirement board (the local board) appeals from a decree of the Superior Court affirming, after review under G. L. c. 30A, § 14, the decision of the contributory retirement appeal board (the appeal board) (G. L. c. 32, § 16 [4]) which set aside the local board's decision and ordered the payment of retirement benefits for total and permanent disability under G. L. c. 32, § 7, to James F. Hurton, the intervener, a call fireman employed by the town. Pursuant to our order that a copy of all the proceedings before the appeal board be transmitted to us on the original papers as filed in the Superior Court, we have before us everything that was before the judge.

The record shows that on July 2, 1962, the local board notified Hurton with appropriate forms attached that under G. L. c. 32, § 5 (1) (a), he must retire for superannuation, sixty-five years, by August 31, 1962. A letter from Hurton's attorney, dated July 19, 1962, enclosing a request for retirement for accidental disability, purportedly dated July 12, 1962, was received by the local board. A medical panel appointed under G. L. c. 32, § 6 (3), certified that Hurton was (1) physically incapacitated for further duty, that the diagnosis was "[s]evere pulmonary emphysema and chronic bronchitis," and (2) that the disability was likely to be permanent. A majority of the panel answered "Yes" to the question whether (3) the disability was "such as might be the natural and proximate result of the . . . hazard undergone on account of which retirement is claimed." The local board, after hearing, denied Hurton's request. The appeal board rightly remanded the case to the local board because the medical panel had followed an incorrect standard in answering (3), and ordered that an examination be given Hurton by a new panel.

In March, 1964, the second medical panel, consisting in part of two doctors who had been on the first panel, certified answers (1) and (2) as had the first panel; and to the third question answered: "Yes. Aggravation of existing disease." The chairman of the second panel wrote to the local board that "the job as fireman means smoke inhalation of varying severity, repeated as often as there is a fire and for which exposure his pulmonary condition is completely unsuited" and that, "while smoke inhalation at his fire-fighting occupation is not believed to be the causative agent in the present condition of Mr. Hurton, it is recognized as a recurrent aggravation and a worsening of his underlying condition."

The local board, on April 17, 1964, conducted a second hearing at which fifteen documents, including those heretofore mentioned, were admitted as exhibits by agreement. The town's fire chief, a brother of the applicant, testified. Based upon the testimony and the exhibits the local board

made a comprehensive and analytical report of seven typed pages which concluded "that James F. Hurton was not physically incapacitated for further duty as an officer or firefighter in the Fire Department as a result of, and while in the performance of, his duty at a definite time and at a definite place and that he should not be retired under . . . [G. L. c. 32, § 7] and further that his application was not submitted in accordance with . . . [G. L. c. 32, § 7 (1)]." The application for retirement for accidental disability was denied.

Hurton then submitted his case to the appeal board on the same fifteen exhibits which had been presented to the local board. The appeal board also received as an exhibit the complete "minutes" or report of the second hearing before the local board and a copy of a claim for "[l]ung damage from smoke inhalation," filed with an insurance company on April 20, 1963. The latter claim had been denied by the insurance company. There was no testimony before the appeal board at the second hearing.

The appeal board reversed the local board. It found that Hurton's disability was "the proximate and natural result of an injury or hazard received as a result of and while in the performance of his duties." It stated, citing *Zavaglia* v. *Contributory Retirement Appeal Bd.* 345 Mass. 483, that the local board had applied an incorrect standard of law in denying Hurton's application.

The appeal board's reliance upon the *Zavaglia* case, both in its decision and in its brief, is misplaced. The *Zavaglia* case dealt specifically with the meaning, under G. L. c. 32, § 7 (1), of the words "personal injury" and "at some definite place and at some definite time" (pp. 485–487). The question before the court was whether asthma resulting from the inhalation of coal and chalk dust over a period of years while employed as a school janitor constituted a "personal injury" "at some definite place and at some definite time." The appeal board appears to have proceeded on the assumption that Hurton's physical disability arose from circumstances analogous to those presented by

the *Zavaglia* case; that is, that Hurton was exposed to smoke at each alarm to which he responded and that the cumulative effect of the exposure constituted a "personal injury." Hurton, however, did not seek a disability allowance on this ground. Nor was there evidence which would justify an award of a disability allowance on this ground. Nor have the facts necessary to raise the presumption provided by G. L. c. 32, § 94A, been shown to exist. Cf. *Mathewson* v. *Contributory Retirement Appeal Bd.* 335 Mass. 610, 614. Only one substantiated episode of smoke inhalation (July 12, 1960) was before the local board.[1] The question presented by this appeal is whether a causal connection exists between that "hazard undergone . . . while in the performance of . . . duties" (G. L. c. 32, § 7 [1]) and the permanent incapacity. The existence of a causal connection was expressly reserved in the *Zavaglia* case because no finding had been made on that issue (pp. 485, 487). The *Zavaglia* case is therefore not determinative of the present case.

The burden of proving the causal connection between the smoke inhalation on July 12, 1960, and the present physical disability complained of was on Hurton. See *Kelley* v. *Contributory Retirement Appeal Bd.* 341 Mass. 611, 614. The evidence before the local board fell far short of requiring a finding that there was in fact a causal connection between Hurton's acknowledged disability and the one authenticated instance of smoke inhalation or other hazard undergone in his employment. G. L. c. 32, § 7 (3) (a). On that occasion, July 12, 1960, Hurton was hospitalized overnight with three other firemen and then released. The certification by the medical panel that this incident might have been the cause of the permanent disability is not decisive of the ultimate fact of causal connection. It is "in the nature of evidence before the local retirement board." *Mathew-*

---

[1] Although Hurton claimed to have inhaled smoke on January 6, 1962, and to have been disabled for some time thereafter, there was no entry of it in the department's records as there were of two other firemen on the same date. The call firemen's payroll shows payment in full to Hurton for services during the period of alleged disability.

*son* v. *Contributory Retirement Appeal Bd.* 335 Mass. 610, 615. *Cassier* v. *Contributory Retirement Appeal Bd.* 332 Mass. 237, 240n. The medical panel "is not charged with the duty to provide statements of any evidence." *Mathewson* v. *Contributory Retirement Appeal Bd.* 335 Mass. 610, 615. The statement of the chairman of the second medical panel to the local board, quoted earlier in the opinion, was therefore extraneous to his duty as a member of the panel, and was, at best, a gratuitous general observation without any evidential basis to justify its application to the case before the panel. The determination of the ultimate fact of causal connection under § 7 was for the local board, based on relevant evidence which may include nonmedical facts, and is analogous to that made by the Industrial Accident Board under G. L. c. 152. *Kelley* v. *Contributory Retirement Appeal Bd.* 341 Mass. 611, 614. It is our view that the record contains no "substantial evidence" which would justify the appeal board's overturning the finding of the local board that the incident of July 12, 1960, was not the cause of Hurton's present physical disability. G. L. c. 30A, § 14 (8) (e).

The decree of the Superior Court must be reversed. A decree is to be entered setting aside the decision of the appeal board and remanding the case to the appeal board with instructions to affirm the decision of the local board.

*So ordered.*