SHREWSBURY RETIREMENT BOARD *vs.* CONTRIBUTORY RETIREMENT APPEAL BOARD & another.[1]

Worcester.    May 14, 1976. — June 1, 1977.

Present: KEVILLE, GOODMAN, & ARMSTRONG, JJ.

*Retirement.    Proximate Cause.*

A decision of the Contributory Retirement Appeal Board in which the board stated that it was "impelled to rely heavily upon the certificate of the medical panel" in finding that a claimant's disability was service connected misconstrued the effect of the medical panel's certificate which merely indicated the possibility of service connection. [380-381]

Despite the fact that a decision of the Contributory Retirement Appeal Board granting accidental disability retirement benefits to a claimant under G. L. c. 32, § 7, was reversed as based on error of law, the decision of the local board denying such benefits was not affirmed where there was evidence from which the appeal board could find that the claimant's disability was service connected. [381-383]

BILL IN EQUITY filed in the Superior Court on November 15, 1973.

The suit was heard by *Meagher, J.*

The case was submitted on briefs.

*James F. Bergin,* Town Counsel, for the Shrewsbury Retirement Board.

*Francis X. Bellotti,* Attorney General, *& Paul A. Good,* Assistant Attorney General, for the Contributory Retirement Appeal Board.

*Thomas S. Carey* for John F. Zecco.

---

[1] John F. Zecco.

GOODMAN, J. The Shrewsbury Retirement Board (local board) seeks review of a decision of the Contributory Retirement Appeal Board (appeal board) ordering the local board to pay accidental disability retirement benefits under G. L. c. 32, § 7, to John F. Zecco. He applied for such benefits, claiming that he had suffered a back injury on January 16, 1970, when he fell from the rear of a truck on which he had been working for the Shrewsbury highway department. A medical panel was convened pursuant to G. L. c. 32, § 6(3); it certified to the local board that Zecco was physically incapacitated from performing his duty as a truck driver and laborer and that his disability was likely to be permanent. The panel answered "yes" to the question, "Is said disability such as might be the natural and proximate result of the accident or hazard undergone on account of which retirement is claimed?" (question no. 3). The local board denied Zecco's application; the appeal board reversed the decision of the local board, finding that "... [Zecco's] disability is the natural and proximate result of a personal injury sustained or a hazard undergone while in the performance of his duties." On an appeal by the local board pursuant to G. L. c. 30A, § 14, the Superior Court affirmed the decision of the appeal board; the local board brings this appeal from the judgment of the Superior Court.

The local board contends (1) that the appeal board's decision is vitiated by an error of law, and (2) that it is unsupported by substantial evidence.[2]

1. We agree with the local board that the decision of the appeal board misconstrues the effect of the medical panel's certificate. Referring to that certificate, the deci-

---

[2] The local board also argues that the decision of the appeal board was deficient in failing to include subsidiary findings of fact and a statement of its reasons as required by G. L. c. 30A, § 11(8). Compare *School Comm. of Chicopee* v. *Mass. Commn. Against Discrimination,* 361 Mass. 352, 353-355 (1972), with *Maddocks* v. *Contributory Retirement Appeal Bd.* 369 Mass. 488, 497 (1976). Since our disposition of this case will require a new decision by the appeal board, we need not consider the sufficiency of this decision, the form of which, as the Attorney General concedes, "is far from ideal."

sion of the appeal board states, "It was the unanimous opinion of the panel . . . that said disability is the natural and proximate result of the accident or hazard undergone." The appeal board then stated that it "is impelled to rely heavily upon the certificate of the medical panel." But the affirmative answer to question no. 3 "indicate[s] only the medical possibility of service connection." *Malden Retirement Bd.* v. *Contributory Retirement Appeal Bd.* 1 Mass. App. Ct. 420, 424, n.7 (1973). *Kelley* v. *Contributory Retirement Appeal Bd.* 341 Mass. 611, 614 (1961). This is not to say that the appeal board must disregard the panel's determination. See *Wakefield Contributory Retirement Bd.* v. *Contributory Retirement Appeal Bd.* 352 Mass. 499, 502-503 (1967). It is some evidence, but, like any evidence that A is consistent with B, does not by itself warrant a finding that A caused B, though it may assist in reaching that result. The decision must therefore be set aside. *Zavaglia* v. *Contributory Retirement Appeal Bd.* 345 Mass. 483, 487 (1963).

2. The local board would have us go further and affirm its decision on the ground that there is no substantial evidence of causation on which the appeal board could base a finding. G. L. c. 30A, § 14(7) (*e*), as appearing in St. 1973, c. 1114, § 3. *McCarthy* v. *Contributory Retirement Appeal Bd.* 342 Mass. 45, 47 (1961). The appeal board noted in its decision that Zecco testified "that on January 16, 1970 while driving a sand truck, he climbed up on the truck because sand was not coming through. He slipped and fell to the pavement and injured his left hip and back. He went to see Dr. Tomaiolo [since deceased], who treated him at his office. In May he was admitted to the hospital where a myelogram was done, and he was operated on in July. On cross examination, he testified that: between January 16 and May 11, 1970, he saw Dr. Tomaiolo 2 or 3 times; that he reported to his foreman, Edward Anderson, that he injured his back and shoulder." Zecco also testified that he never "had back problems before." Further, a report by the chairman of the medical panel, admitted in evidence without objection, in

connection with Zecco's examination by the panel, set out a medical history from his injury in January of 1970 culminating in an operation for a protruding disc.

The report does not, however, explicitly recite a causal connection between the injury and the operation and post-operative disability; and it contains some differences from Zecco's testimony.[3] Despite the discrepancies and the sparse medical testimony, we cannot say with assurance that an expert administrative board, though composed of lay members, could not on the record in this case reasonably "relate [the employee's] incapacity to a specific injury or incident as a matter of general human knowledge and experience and without resort to what, in the absence of medical testimony, might partake of speculation and conjecture." *Lovely's Case*, 336 Mass. 512, 516 (1957). We find it significant in *Lovely's Case* that the court lists *DiFiore* v. *United States Rubber Co.* 78 R.I. 124, 128-130 (1951), and *Jarka Corp.* v. *Norton*, 56 F. 2d 287, 288 (E.D. Pa. 1930), among "[o]ther courts [which] have reached substantially the same position which we now reach on comparable circumstances where clear symptoms and incapacity have closely followed an injury." See also 3 Larson, Workmen's Compensation, §§ 79.50-79.54 (1976), an earlier edition of which the court also cites. Both those cases involved back injuries and in both the fact-finding tribunal was allowed to find causation on evidence much like the evidence in this case.

As the court said in *Lovely's Case*, at 515, "Medical testimony is highly desirable in all cases and its absence is a proper ground for concern." But it *is* for the appeal board to determine the credibility of the evidence and — apart from a misconstruction which amounts to an error of law — its significance. *Maddocks* v. *Contributory Retire-*

---

[3] The report states that after his injury he was out of work for a "month or so," though the brief of the Attorney General concedes that "the employee lost only one-half day from work before hospitalization." The report also states that "[p]ast history reveals that in 1969 he had some back and leg pain"; however, a diagnosis of phlebitis was made.

*ment Appeal Bd.* 369 Mass. 488, 495 (1976). We refrain from evaluating the evidence absent a further analysis by the appeal board embodied in a more considered decision.

Accordingly, the judgment of the Superior Court is reversed, and the decision of the appeal board is set aside. The case is to be remanded to the appeal board for further proceedings (which may include the taking of further evidence) not inconsistent with this opinion. *Zavaglia* v. *Contributory Retirement Appeal Bd. supra.*

*So ordered.*