DONALD L. CAMPBELL *vs.* CONTRIBUTORY RETIREMENT APPEAL BOARD; MIDDLESEX COUNTY RETIREMENT SYSTEM, intervener. February 28, 1984. *Retirement. Proximate Cause.*

The plaintiff, a permanently incapacitated former employee of the town of North Reading, has appealed from a judgment of the Superior Court which affirmed a decision of the Contributory Retirement Appeal Board (CRAB) which denied the plaintiff any benefits under G. L. c. 32, § 7(1). 1. The plaintiff's contention that the "personal injury sustained or . . . hazard undergone" need be only a contributing cause of the permanent incapacity rests on a misreading of G. L. c. 32, § 7(1), and, in particular, of the words "as a result of" which appear in that subsection. The words last quoted modify only the ensuing words "the performance of . . . duties." The operative words of causality are "by reason of," and the question presented to CRAB was "whether a causal connection exist[ed] between '[a] hazard undergone . . . while in the performance of . . . duties (G. L. c. 32, § 7[1]) and the permanent incapacity.'" *Wakefield Contributory Retirement Bd.* v. *Contributory Retirement Appeal Bd.,* 352 Mass. 499, 502 (1967). 2. There was no error in CRAB's requiring the plaintiff to satisfy it that the "personal injury sustained or . . . hazard undergone" be a natural and proximate cause of the incapacity. Although the cognate words "natural and proximate result" do not appear in G. L. c. 32, § 7(1)

(contrast G. L. c. 32, § 9[1]; *McCarthy* v. *Contributory Retirement Appeal Bd.*, 342 Mass. 45, 46-47 [1961]), and appear to have been dropped in the transition from the former G. L. c. 32, § 31, as appearing in St. 1936, c. 318, § 1, to G. L. c. 32, § 7(1), as appearing in St. 1945, c. 658, § 1 (see *Hough* v. *Contributory Retirement Appeal Bd.*, 309 Mass. 534, 537 [1941]; *Zavaglia* v. *Contributory Retirement Appeal Bd.*, 345 Mass. 483, 485, 486 [1963]), they do appear in the present G. L. c. 32, § 6(3)(*a*), and have done so ever since St. 1947, c. 388, § 7. The relationship between §§ 6(3)(*a*) and 7(1) has been so well documented as not to require discussion. See, e.g., *Kelley* v. *Contributory Retirement Appeal Bd.*, 341 Mass. 611, 614 (1961). The two subsections must be read together as a harmonious whole. It makes no sense to require a medical panel to hew to the standard of "natural and proximate result" (§ 6[3][*a*]) if a local retirement board (§ 7[1]) or CRAB (§ 16[4]) is to be permitted to utilize a different standard, and we think it clear that the appellate courts have countenanced the use of the quoted standard by both the local retirement boards and CRAB. See, e.g., *Cassier* v. *Contributory Retirement Appeal Bd.*, 332 Mass. 237, 238, 239 (1955); *Wakefield Contributory Retirement Bd.* v. *Contributory Retirement Appeal Bd.*, 352 Mass. at 501; *Shrewsbury Retirement Bd.* v. *Contributory Retirement Appeal Bd.*, 5 Mass. App. Ct. 379, 380 (1977). 3. The plaintiff had the burden of proof on the question whether there was a causal relationship between a "personal injury sustained or a hazard undergone" and his incapacity. *Hough* v. *Contributory Retirement Appeal Bd.*, 309 Mass. at 540. *Wakefield Contributory Retirement Bd.* v. *Contributory Retirement Appeal Bd.*, 352 Mass. at 502. Apart from the certificate of the medical panel (§ 6[3][*a*]), the only medical evidence on the existence of such a relationship consisted of some unsubstantiated conclusions expressed by the plaintiff's personal physician in various exhibits which were before both boards but which neither board was required to accept. Compare *Maddocks* v. *Contributory Retirement Appeal Bd.*, 369 Mass. 488, 495 (1976). In the circumstances, and in light of the substantial evidence concerning the plaintiff's longtime smoking habit, there was no error in CRAB's conclusions that the plaintiff had failed to sustain his burden of proof on the question of causation. See and compare *Cassier* v. *Contributory Retirement Appeal Bd.*, 332 Mass. at 241; *State Bd. of Retirement* v. *Contributory Retirement Appeal Bd.*, 342 Mass. 58, 65-66 (1961); *Cataldo* v. *Contributory Retirement Appeal Bd.*, 343 Mass. 312, 314 (1961); *Lovasco's Case*, 4 Mass. App. Ct. 854 (1976); *Boston Safe Deposit & Trust Co.* v. *Commissioner of Revenue*, *ante* 326, 327-329 (1983). 4. In view of the conclusions reached in parts 1 through 3 hereof, there is no need to entertain any of the other questions that have been argued.

*Judgment affirmed.*

David R. DiCicco for the plaintiff.
Vincent L. DiCianni, Assistant Attorney General, for the defendant.
Joseph P. Donahue, Jr., for the intervener.