Toomey, J.
Plaintiff, Joseph Healy (Healy), filed this complaint pursuant to G.L.c. 30A and seeks judicial review of a decision rendered by the Contributory Retirement Appeal Board (CRAB) and the State Retirement Board (SRB). CRAB affirmed SRB’s decision denying Healy’s application for accidental disability retirement benefits. Healy now alleges that the administrative decision was based upon errors of law. This matter is before the court on Healy’s motion for judgment on the pleadings. For the reasons that follow, Healy’s motion is DENIED and CRAB’s decision is AFFIRMED.
BACKGROUND The Injuries
Healy began working in the mailroom at University of Massachusetts Medical Center (UMass) on May 3, 1988. His duties included delivering packages to offices , operating a copy machine and bundling outgoing bulk mail. The position required him to lift packages weighing from 25 to 75 pounds on a daily basis. On May 26, 1994, Healy injured his back while reaching down to retrieve a package weighing approximately 75 pounds. He was examined and treated by physicians at UMass for a bulging disc at vertebrae L3-L4. Healy received workers’ compensation benefits in connection with the incident.
Healy returned to his position in the mailroom in mid-June of 1994, working in a part-time, modified, light duty capacity; his lifting was restricted to 2025 pounds. As he continued to require job modification, Healy underwent additional medical exams, and, on July 20, 1994, an MRI study revealed a diffuse disc bulge at vertebrae L2-L3 and disc degeneration at the L4-L5 level. He receive physical therapy and hydrotherapy services and was re-evaluated by the employee health services at UMass every few weeks. Healy continued to work in the light duty position until his March 1996 automobile accident.
On March 11,1996, Healy was involved in anon-job related automobile accident that caused him injury to his lower back and neck. He was out of work until September of 1996 when he returned to work at UMass. After several hours, however, the human resources director sent him home, as he was unable to perform any of his duties.
The Medical Examinations
In September of 1996, Healy filed an application for accidental disability retirement. Healy was examined by a number of physicians in connection with his application. An initial medical panel was found to have been improperly convened and the case was remanded for the convening of a new medical panel. Healy was examined on three separate occasions by the second medical panel consisting of three individual physicians, viz Dr. John Groves, Dr. Robert Scribner, and Dr. Michelle Masi. Each reached differing conclusions as to the question of causation. The medical panel failed to reach consensus on any of the panel questions. Their observations follow.
1. Dr. John Groves, a specialist in orthopedic surgery, examined Healy on October 27, 1998. Dr. Groves responded in the affirmative to all three panel questions regarding disability, causation and permanency. In his narrative report, Dr. Groves diagnosed Healy as suffering from “lumbar spondylosis with intervertebral disc disease at L2-3 and L4-5.” The doctor opined that Healy’s disability “is such as might be the natural and proximate results of the personal injuries sustained on account of which retirement is claimed.”
2. Healy was examined by Dr. Robert Scribner, an orthopedic surgeon, on October 15, 1998. Dr. Scribner responded to the panel questions regarding disability and permanency in the affirmative but answered the question as to causation in the negative. Dr. Scribner, *688 in his narrative report, stated, “I do not however, believe that his condition is work-related. I believe his symptoms and disability are the result of degenerative changes in the lumbar spine and not the result of the injury of 1992 or 1994.”
3. Dr. Michelle Masi, who specializes in neurology, examined Healy on November 6, 1998, and responded in the negative to the panel question regarding disability, opining that he was not disabled from performing the essential duties of his job. Dr. Masi stated in her narrative report: “I find Mr. Healy capable of continuing his former work as postal clerk with lifting limits of 50 pounds as noted in his job description.”
The Administrative Ruling
The State Retirement Board formally notified Healy on March 1, 1999 that his application for accidental disability retirement had been denied. Healy filed an appeal of that decision with CRAB, who assigned the appeal to a magistrate for a hearing in the Division of Administrative Law Appeals. A hearing on the merits, pursuant to G.L.c. 7, §4H, was held on October 5,1999 before Magistrate Joan Freiman Fink.
On November 8, 1999, Magistrate Fink issued her decision affirming the State Board’s denial of Healy’s claim. After reviewing the testimony and medical reports, Magistrate Fink concluded that Healy failed to meet his burden of proof in demonstrating the causal relationship between his alleged disability and his work injury. Magistrate Fink, without any reference to the opinions of the medical panel, rested her decision on the testimony of Healy regarding his non-work related car accident. She specifically noted that, for two years after his job-related injury, Healy performed consistently in a light duty position; only after attempting to return to work following the car accident was he unable to perform any duties related to his job as a mail clerk. Magistrate Fink therefore concluded that, because his disability was occasioned by the car accident, Healy was not “in the performance of his duties," G.L.c. 32, §7(1), at the time that he received the injuiy and was, as a consequence, not entitled to a disability retirement.
Healy subsequently filed objections to Magistrate Fink’s decision with CRAB on November 18, 1999. Adopting the findings of the Magistrate, CRAB affirmed the denial of benefits. Healy now appeals CRAB’s decision to this court, pursuant to G.L.c. 30A, §14.
DISCUSSION
A reviewing court may set aside an administrative decision if it finds that the substantial rights of a party may have been prejudiced because the decision is defective under G.L.c. 30, §14(7). The party appealing an administrative decisionat bar, Healybears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bds., 27 Mass.App.Ct. 470, 474 (1989).
A court’s review of an agency decision is confined to the administrative record. G.L.c. 30A, §14(5). The reviewing court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992); Seagram Distillers Co. v. Alcoholic Beverages Control Comm’n, 401 Mass. 713, 721 (1988). The Court must determine whether CRAB’s “decision is supported by substantial evidence on the entire record” and whether such decision is free from errors of law. See Hotchkiss v. State Racing Comm’n, 45 Mass.App.Ct. 684, 688 (1998). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational School Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982). Unless the administrative decision is unsupported by substantial evidence, the decision will be allowed to stand. Dohoney v. Director of Div. of Employment Security, 377 Mass. 333 (1979). The findings and decision of the agency are to be sustained wherever possible and are not to be reversed unless they are wholly lacking in evidentiary support or are tainted by errors of law. Woolfall's Case, 13 Mass.App.Ct. 1070 (1982). That the reviewing court may disagree, on the merits, with the agency’s findings is not grounds for reversal.
Healy argues that CRAB’s decision is based upon several errors of law. First, he suggests that CRAB concluded erroneously that the injury that caused his disability did not occur while in the performance of his duties and applied an erroneous standard regarding determination of disability. Next, he asserts that Magistrate Fink’s conclusion that he was not in the performance of his duties when he received his debilitating injury was an improper medical conclusion. Finally, he contends that one of the doctors on the medical panel employed an erroneous standard regarding causation. After a review of the record, the Court finds, for the reasons stated infra, that none of Healy’s points has merit and that there is no occasion now to disturb CRAB’s result.
1. The Challenge to CRAB’s Standard Regarding Determination of Disability
The crux of Healy’s first argument is that Magistrate Fink’s decision was improper and, because it was relied upon by CRAB, CRAB’s decision is also based upon an erroneous standard for the determination of disability.
G.L.c. 32, §7(1) provides that, in order tobe eligible for an accidental disability retirement, an applicant must be totally and permanently incapacitated as a result of a personal injury sustained or a hazard undergone while in the performance of his duties. See Kelly v. Contributory Retirement Appeals Board, 341 Mass. 611, 614 (1961). The final decision as to whether or not a plaintiff proves a causal nexus between his job and his disability is reserved for CRAB, *689 which is to reach its determination in reliance upon the facts found and all the underlying evidence including both the medical and non-medical components. Lisbon v. Contributory Retirement Appeals Board, 41 Mass.App.Ct. 246, 254 (1996).
A review of the record in the present case demonstrates that neither CRAB nor the Magistrate concluded erroneously that Healy’s injury did not occur while in the performance of his duties. Magistrate Fink reviewed the evidence in the administrative record, heard witness testimony and determined that Healy was not in the performance of his duties when he sustained the injury that disabled him from his job duties. Although Healy returned to work on a modified basis following his work-related back injury, he worked in that capacity for nearly two years and did not file for accidental disability until after his non-work related car accident. There is no dispute of that chronology; Healy himself testified at- the hearing to the fact that he was not in the performance of his duties when he was in the car accident that caused him to stop working. In addition, Healy presented no evidence that he was permanently disabled after the work-related injury.
Having properly considered both medical arid non-medical aspects of the evidence before her, see id. at 254, Magistrate Fink reasoned that the totality of the evidence established that the car accident disabled Healy to the point where he could not perform any of the duties required by his job. Prior to the car accident, the Magistrate found, Healy was able to perform some of the functions of his job. The law requires CRAB to analyze all of the pertinent facts on the record. Accordingly, CRAB was entitled to review the sequence of events in Healy’s history of accidents to determine whether the final, non-work related injury caused him to retire. That sequence provided sufficient evidence to support CRAB’s denial of Healy’s application. In sum, CRAB applied the appropriate standard regarding determination of disability and “substantial evidence” in the record warranted its determination. G.L.c. 30A, §1(6).
2. The Challenge to the Magistrate’s Medical Conclusion
Healy asserts that Magistrate Fink exceeded the scope of her authority because the magistrate came to a medical conclusion after weighing the evidence and making credibility determinations. He has, however, failed to cite any authority to support such a limited scope of magisterial review. To the contrary, it is established that such conclusions are well within the domain of the fact finder because “the officer who has heard the testimony and seen the witnesses face to face has a better opportunity for determining the credibility of their conflicting statements than can possibly arise from reading a record.” Furthermore, the “final determination . . . whether causation was proved [is] reserved to [CRAB], based on the facts found and all the underlying evidence, including both the medical and non-medical facts.” Blanchette v. Contributory Retirement Appeal Bd., 20 Mass.App.Ct. 479, 483 (1985). Therefore, there was no error of law in the Magistrate’s conclusion that Healy was not in the performance of his duties when he received the injury that caused him to apply for disability benefits.
3. The Challenge to the Regional Medical Panel’s Opinion Regarding Causation
Finally, Healy argues that one of the doctors on the regional medical panel opined that his injury was not causally related to his disability and that that view constitutes an unqualified negative opinion which is impermissible under Massachusetts law. Healy relies on Noone v. Contributory Retirement Appeal Board, 34 Mass.App.Ct. 756 (1993), for that proposition and suggests that, because CRAB’s decision rests entirely on the flawed opinion of the medical panel, CRAB’s result is erroneous as a matter of law and must be vacated. Id. at 764. The suggestion is, however, without merit.
G.L.c. 32, §6(3)(a) requires that a person seeking accidental disability retirement benefits must be examined by a regional medical panel. If he or she is to prevail on the application, the panel must certify, in writing, to the retirement board at the conclusion of the examination that the person seeking benefits “is mentally or physically incapacitated for further duty and that such incapacity is likely to be permanent...” G.L.c. 32, §6(3)(a). The panel must also state “whether or not the disability is such as might be the natural and proximate result of the accident or hazard undergone ...” Id. The statute’s causation allusion is that which now requires our attention.
This Court accepts the proposition that the certification from Dr. Scribner as to causation was conclusory in nature and was entitled to no weight. See Noone, supra. “The panel has no statutory authority to express an unqualified . . . opinion as to causation, and such an opinion, if expressed, is a nullity . . . [T]he statute gives to the local board, not to the panel, the determination whether, on the relevant evidence, the causal relationship exists.” Noone, supra at 762. At bar, however, the Magistrate’s conclusions, unlike those of the administrative magistrate in Noone, relied minimally, if at all, upon the rather dissonant opinions of the members of the medical panel. Drs. Grove and Masi each gave different responses as to causation, to wit, Dr. Grove responded in the affirmative and Dr. Masi, answering the disability question in the negative, did not reach the question of causation. The Magistrate had before her not only those incongruous responses, but also considered the substantive reports filed by each of the panel members and the facts regarding the car accident. Her conclusions rested primarily on the evidence of Healy’s non-work related car accident, his last injury prior to applying for disability benefits. The Magistrate was clearly pro *690 vided with sufficient information, apart from the medical panel’s discordant certifications, with which to make her determination of causation.
The only evidence on the record in Healy’s favor was the certification by one of the three doctors on the medical panel and the opinion of Healy’s personal physician. Neither the State Retirement Board nor CRAB, however, was required to accept the documentary conclusions as to causation expressed by the personal physician, see Campbell v. Contributory Retirement Appeal Bd., 17 Mass.App.Ct. 1018, 1019 (1984), and the Boards were entitled to disregard the conflicting view of the minority member of the panel. See Quincy Retirement Board v. Contributory Retirement Appeal Board, 340 Mass. 56, 61 (1959). The evidence presented by Healy to support his contention was “reasonably deemed insufficient by CRAB when measured against the extensive evidence of his [intervening car accident].” Lisbon, supra at 256. Accordingly, because CRAB’s decision as to causation has not been shown to be erroneous, Healy cannot prevail.
ORDER
For the foregoing reasons, Healy’s motion for judgment on the pleadings is DENIED and CRAB’s decision, denying Healy’s application for accidental disability retirement benefits, is AFFIRMED.