SHAKER COMMUNITY, INC. *vs.* STATE RACING COMMISSION
& another
(and three companion cases).

Berkshire.    May 27, 1963. — June 5, 1963.

Present: SPALDING, WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Racing.    State Administrative Procedure Act.    Equity Pleading and Practice,* Parties.    *Words,* "Person . . . aggrieved."

One alleging merely that he owned land in a town abutting a race track upon which racing was to be conducted in accordance with a decision of the State Racing Commission under G. L. c. 128A did not have standing as a "person . . . aggrieved" to obtain judicial review of the decision under § 14 of the State Administrative Procedure Act, c. 30A.

PETITIONS for review filed in the Superior Court on February 14, 1963.

The cases were heard by *Brogna,* J., on demurrers.

*Rudolph A. Lewis (Charles R. Crimmin* with him) for the petitioner.

*Joseph B. Abrams (Robert T. Abrams & John A. Barry* with him) for Hancock Raceway, Inc.

*James W. Bailey,* Assistant Attorney General, for State Racing Commission.

*John N. Alberti* for Berkshire County Fair Association, Inc. (*William A. Murray,* for Franklin Fair Association, Inc., with him).

SPALDING, J. These are petitions for review under the State Administrative Procedure Act (G. L. c. 30A, § 14) of four decisions of the State Racing Commission. See G. L. c. 128A. Hancock Raceway, Inc. (Hancock), Berkshire County Fair Association, Inc. (Berkshire), and Franklin Fair Association, Inc. (Franklin), were allowed to intervene. See G. L. c. 30A, § 14 (2). The State Racing Commission (commission) demurred to each petition; Hancock demurred to the two petitions in which it was involved; and Berkshire demurred to the petition relating to it. Interlocutory decrees were entered sustaining the demurrers in each case, and from final decrees dismissing the petitions the petitioner appealed. G. L. c. 30A, § 15.

All four petitions were substantially the same and we summarize their averments as follows: On January 21, 1963, the commission held, in the town of Hancock, a public hearing upon four applications for racing dates. The petitioner, a charitable corporation having its place of business in the town of Hancock, appeared at this hearing to oppose the granting of the racing dates sought by the applicants, and requested "to be recorded as a party" but this request was denied by the commission. The commission's decisions granted the following racing dates: June 17, 1963, to June 29, 1963, to Hancock; July 1, 1963, to July 6, 1963, to Berkshire; July 8, 1963, to July 20, 1963, to Hancock; and July 22, 1963, to July 27, 1963, to Franklin.

After reciting the foregoing, the petitioner alleged that it owned land in the town of Hancock that abutted the property of Hancock and asserted that "[b]efore, during and after some of the racing hours the buildings of the Petitioner . . . will be unreachable by motor vehicle or any other means of surface transportation." The petitioner also alleged that the decisions of the commission were tainted by numerous errors of law. Some of these alleged errors arose out of the manner in which the hearing was conducted; others were based on alleged infirmities in the commission's decisions.

Numerous grounds were set forth in the demurrers, but one ground common to all was that the petitioner was not

a "person . . . aggrieved" within the meaning of G. L. c. 30A, § 14. Since, as will presently appear, we are of opinion that the demurrers were rightly sustained on this ground, it is not necessary to discuss the other grounds.

These petitions for review are governed by G. L. c. 30A, § 14. That the commission is an agency within the meaning of § 1 (2), and that the application for a racing license is an "adjudicatory proceeding" under § 1 (1) was decided in *Bay State Harness Horse Racing & Breeding Assn. Inc.* v. *State Racing Commn.* 342 Mass. 694, 700–701.

Despite the somewhat broader allegations in its petitions, the petitioner in this court asserts that it is a "person . . . aggrieved" within the meaning of § 14 because it owns land in the town where the racing is to be conducted, and because its property abuts the race track. These facts standing alone do not make the petitioner a "person . . . aggrieved."

Cases which give landowners standing to appeal decisions of a zoning or planning board affecting the zone in which they own property are readily distinguishable. See, for example, *Ayer* v. *Commissioners on Height of Bldgs. in Boston,* 242 Mass. 30; *Carey* v. *Planning Bd. of Revere,* 335 Mass. 740, 743–744; *Colabufalo* v. *Board of Appeal of Newton,* 336 Mass. 213, 216. Landowners or persons with an economic interest in land within a zone were specifically intended to be protected by legislation governing the use and control of land within the zone. The boards dealing with these matters usually must consider the character of a neighborhood in making their decisions. See G. L. c. 40A, § 15. Compare *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston,* 324 Mass. 427 (proprietor in a less restricted zone is not a "person aggrieved" by the introduction into a more restricted zone of any use permitted in the zone in which the proprietor's property is located).

The petitioner does not bring itself within cases holding that persons whose business interests are directly affected by administrative decisions are entitled to have such decisions reviewed. See *Bay State Harness Horse Racing &*

*Breeding Assn. Inc.* v. *State Racing Commn.* 342 Mass. 694 (where applicant and competitor sought mutually exclusive racing dates it was held that applicant was a "person . . . aggrieved"); *A. B. & C. Motor Transp. Co. Inc.* v. *Department of Pub. Util.* 327 Mass. 550 (carrier held an aggrieved party where competing carrier was granted transfer of certificate of convenience and necessity); *American Can Co. of Mass.* v. *Milk Control Bd.* 313 Mass. 156 (person engaged in the manufacture of milk containers held to be "aggrieved" by a ruling that required one cent to be added to the price of milk sold by dealers in paper containers made by the petitioner).

We recognize that the words "person . . . aggrieved" as used in § 14 are not to be given a narrow construction. See *American Can Co. of Mass.* v. *Milk Control Bd., supra,* construing similar language. See also *Newton* v. *Department of Pub. Util.* 339 Mass. 535, at 544. But, as the court was careful to point out in the *American Can* case, at page 160, "Doubtless not every person whose interests may be in some remote way injuriously affected by a general order of the board is . . . a person 'aggrieved.' "

We hold, therefore, that one who, as here, merely alleges that he is a landowner in the town where racing is to be conducted and that his land abuts the race track does not show that he is a "person . . . aggrieved" within the meaning of § 14. See *Mullholland* v. *State Racing Commn.* 295 Mass. 286, 290. It is unlikely that in the context of c. 128A the Legislature intended that every landowner in the town or every owner whose land abuts a race track should have rights of review.

In a recent case we said that "[a]lthough a race track is hardly a public service company in the usual sense, various aspects of such an enterprise give rise to a substantial public concern about the manner in which, and by whom, it is conducted." *Bay State Harness Horse Racing & Breeding Assn. Inc.* v. *State Racing Commn.* 342 Mass. 694, 699–700. In holding that this petitioner is not a "person . . . aggrieved" we are not to be understood as deciding that the

commission's decision would be reviewable only at the instance of competitors of the licensees. For example, there might be situations where a town might intervene as a party to protect the interests of its inhabitants and would have standing to seek a review. See *Wilmington* v. *Department of Pub. Util.* 340 Mass. 432, 438–439. There might also be occasions which would permit representation of the public interest by the Attorney General even though he appears for the commission. See *Attorney Gen.* v. *Department of Pub. Util.* 342 Mass. 662, 665–666. Possibly there might be circumstances in which others would have standing. But no such questions are before us and we need not decide them. For present purposes it is enough to hold that the petitioner has not alleged facts to make it a "person . . . aggrieved" under § 14.

The demurrers were rightly sustained and the final decrees dismissing the petitions are affirmed.

*So ordered.*