ARLENE DUATO *vs.* COMMISSIONER OF PUBLIC WELFARE.

Suffolk. November 3, 1970. — June 14, 1971.

Present: TAURO, C.J., SPALDING, REARDON, & QUIRICO, JJ.

*State Administrative Procedure Act. Public Welfare. Equity Pleading and Practice,* Decree.

In a suit in equity for review under G. L. c. 30A, § 14, of a decision of a State agency, receipt by the court of evidence on the merits of the plaintiff's claim before the agency was beyond the scope of § 14 (6). [639]

Upon appeal from a final decree in a suit in equity under G. L. c. 30A, § 14, affirming a decision of the Department of Public Welfare that the "work related expenses" deductible from the plaintiff's earned income in a computation of the aid she would receive under c. 118 were less in amount than the amount claimed by her, the record did not show that her substantial rights were prejudiced by such decision where it appeared that the details of her alleged work related expenses were put in issue at the adjudicatory hearing before the referee of the department and that he did not sustain her claim for the greater amount; and the final decree was affirmed. [640]

A final decree in a suit in equity for review under G. L. c. 30A, § 14, correctly affirming a decision of the agency should not also have ordered that the bill be dismissed. [641]

BILL IN EQUITY filed in the Superior Court on August 27, 1969.

The suit was heard by *Rutledge,* J.

*Paula W. Gold* for Arlene Duato.

*Gregor I. McGregor,* Deputy Assistant Attorney General, for the Commissioner of Public Welfare.

QUIRICO, J. This is a bill in equity under G. L. c. 30A, § 14, for review of a decision by the Massachusetts Department of Public Welfare (department) reducing the amount of aid being paid to Arlene Duato (applicant) under G. L. c. 118 relating to aid to families with dependent children (aid). The case is before us on the appeal of the applicant from the final decree of the Superior Court affirming the decision of the department.

At a time when she was receiving such aid, the applicant became gainfully employed. However, her earnings were less than the amount of aid to which she would otherwise be entitled, and she was therefore entitled to continue to receive aid in a reduced amount. To afford an incentive to recipients of aid to seek and hold gainful employment, and for other reasons not material to this decision, the governing regulations did not require that the aid being received be reduced by the full amount of the earnings from the employment. They permitted certain exclusions or deductions from the earned income in computing the reduction in the amount of the aid. One of the items thus deductible is the amount of expenses variously referred to as "expenses reasonably attributable to the earning of income," or "expenses entailed in producing that income," or "expenses incident to employment," or "expenses of employment," all hereinafter called "work-related expenses." At issue between the parties in this case is the amount of the work-related expenses which should be deducted from the applicant's earnings in determining the amount of reduction in her aid.

The applicant contends that her work-related expenses amount to $45.31 a month and that they include $2 a week for transportation, $5 a week for lunches, and approximately $15 a month for clothing other than what the applicant would wear at home and for the cleaning of the clothing. The department allowed her a deduction of only $11 a month for work-related expenses. This is the only item of exclusion or deduction at issue in this case.

In her bill for review the applicant alleges that the de-

partment's decision to allow her a deduction of $11 a month for work-related expenses was based on a department regulation which she contends is void for the reasons that (a) it was not promulgated in the manner required by G. L. c. 30A, §§ 3 and 5, and (b) it is arbitrary, unreasonable and contrary to Federal law in that it purports to set a maximum of $11 monthly for deductible work-related expenses whereas the Federal law imposes no such maximum. The Federal government grants money to the Commonwealth for use in payment of the type of aid which the applicant was receiving. 42 U. S. C. §§ 601–644 (Supp. IV, 1965–1968). In the prayers in her bill the applicant asks that the court declare (a) that the department regulation in question is void as not properly promulgated, (b) that she is entitled to aid computed on the basis of work-related expenses of $45.31 a month instead of $11 a month, and (c) that she is entitled to the increased aid retroactive to the date it was improperly reduced. Beyond questioning whether some of the prayers are more appropriate to a bill for declaratory relief under G. L. c. 231A, it is not necessary for us to determine to what extent they are appropriate to a bill for judicial review of an administrative decision.

If we assume, but without so deciding, that the department has adopted a rule fixing a maximum of $11 monthly for deductible work-related expenses, or that it has so construed one of its rules, the applicant is not entitled to a judicial determination of the validity of the department's action under G. L. c. 30A unless she is aggrieved thereby in the legal sense. Section 14 (2) requires that her bill "shall . . . include a concise statement of the facts . . . showing that . . . [she] is aggrieved." Section 14 (8) provides that "the court may set aside or modify the decision, or compel any action unlawfully withheld or unreasonably delayed, if it determines that the substantial rights of any party may have been prejudiced" because the agency decision is unlawful for a number of reasons listed. Therefore, before considering the validity of the department's action, we consider whether the applicant is an aggrieved person whose

"substantial rights . . . may have been prejudiced" by the alleged illegality. *Newton* v. *Department of Pub. Util.* 339 Mass. 535, 542–544. *Shaker Community, Inc.* v. *State Racing Commn.* 346 Mass. 213. In so doing, we have in mind that the applicant brings this bill in her individual right, and that it is not brought by or in behalf of a group under claim of a class proceeding.

At the adjudicatory hearing before the department on July 23, 1969, the applicant, who was represented by her present counsel, presented evidence that her work-related expenses were $45.31 a month. The proceedings at that hearing were not recorded stenographically or by any mechanical recording device. On August 13, 1969, the referee who presided over the adjudicatory hearing rendered a written decision which stated the issues involved in the hearing, the applicant's earnings from employment, and the exclusions and deductions therefrom in arriving at the net available income to be considered in determining the amount of aid to which she was entitled. In that computation the sum of $11 a month was used as the deduction for work-related expenses. The applicant seeks judicial review of this decision as to that item. The decision does not recite or otherwise refer to the applicant's evidence that her work-related expenses were $45.31 a month.

After the department had filed in the Superior Court a certified record of the proceeding under review, the applicant filed a motion alleging that the record was not adequate for the reason that no stenographer was present at the hearing of July 23, 1969, and no transcript of the evidence presented at the hearing was available, and requesting leave to present evidence at the hearing of her bill for review.[1] The motion was allowed. At the hearing in the Superior Court the applicant's present counsel testified in part as follows.

---

[1] Although the motion stated that it was made under G. L. c. 30A, § 14 (7), it appears to be a motion under § 14 (6) which provides that: "The review shall be conducted by the court without a jury and shall be confined to the record, except that in cases of alleged irregularities in procedure before the agency, not shown in the record, testimony thereon may be taken in the court." Section 14 (7) relates to situations where the court may order that additional evidence be taken before the administrative agency.

When she and the applicant arrived for the hearing of July 23, 1969, there was no stenographer or recording device available, she protested the fact, and she and her client walked out of the hearing room. The applicant insisted that they proceed with the hearing, so they returned and proceeded under protest.

Thereafter, without objection from the department, the applicant offered, and the court received evidence on the merits of the applicant's claim that her work-related expenses were $45.31 a month and not $11 as found by the department referee. This evidence came principally from testimony of the applicant. This was beyond the scope of § 14 (6) and beyond the scope of the motion which the court had allowed. It was contrary to the basic rule stated in § 14 (6) that judicial review of administrative proceedings "shall be confined to the record, except that in cases of alleged irregularities in procedure before the agency, not shown in the record, testimony thereon may be taken in the court." The parties to a proceeding for judicial review may not require the court to receive evidence on, or to decide, factual issues which the law requires the administrative agency to decide. *Malden* v. *Metropolitan Transit Authy.* 328 Mass. 491, 495. *Capuano, Inc.* v. *School Bldg. Comm. of Wilbraham,* 330 Mass. 494, 496. *Hamilton* v. *Department of Pub. Util.* 346 Mass. 130, 137.

General Laws c. 30A, § 14 (7), permits parties to proceedings of this type to apply to the court for leave to present additional evidence before the agency under specified circumstances, and this may be followed by a modification of the agency decision and the supplementing of the record for review by the court. Additionally, under § 14 (8) the court may, upon request of a party or upon its own initiative, "remand the matter for further proceedings before the agency." The appellant did not ask the court to act under either of these provisions. Instead, she insisted on having the judge receive evidence of the amount of her alleged work-related expenses and on having the judge decide this factual issue, and she objected to remanding the matter to the de-

partment for such a decision.[2]  Although not required to do so, the judge, having received the evidence on which the applicant contended she was entitled to an allowance of $45.31 a month for work-related expenses, then made the following finding thereon: "I find that Mrs. Duato's work-related expenses actually included $2.00 for transportation; that other items testified to by her were questionable as work-related expenses."

The applicant has the burden of proving (a) that on the record before the court the decision of the department was illegal for the reasons alleged in her bill, *and also* (b) that her substantial rights have been prejudiced by such decision.  *Clarke* v. *Board of Collegiate Authy.* 327 Mass. 279, 282.  *Feener Business Schools, Inc.* v. *Board of Collegiate Authy.* 329 Mass. 170, 173.  Unless she sustains her burden of proof in both respects, she is not entitled to relief in this proceeding.  We hold that on the record before us she has failed to sustain the burden of proving that her substantial rights have been prejudiced, assuming, but without deciding, that the departmental rule under attack is void for any reason.

The details and amounts of the work-related expenses which the applicant claimed she had incurred were put in issue at the hearing before the department's referee, and again at the hearing before the judge.  At both hearings she offered evidence of the several items which amounted to $45.31 a month.  The referee allowed her $11 without specifying what that included.  The judge found that her work-related expenses consisted of $2 a week for transportation, and he described the other items as questionable.  The applicant has thus had two full hearings on this same factual issue, and she has failed to convince either of the fact-finders that her expenses exceeded $11 a month.

---

[2] After presenting the evidence, counsel argued that "we can proceed with evidence before this Court because of the failure on the part of the Welfare Department to arrange for an accurate record. . . . [W]e are entitled to present all evidence in regards to the case, not only on the irregularities, but at this particular point it will be a hardship on the . . . [applicant] for her to have to go back before [the department]."

The responsibility for finding as a fact the amount of the applicant's work-related expenses was that of the referee. He was the sole judge of the credibility and weight of the evidence presented at the hearing before him. He was not required to believe the oral testimony of the applicant or of her witnesses on the work-related expenses which she claimed. *Godfrey* v. *Caswell,* 321 Mass. 161, 162. *Conley* v. *Director of the Div. of Employment Security,* 340 Mass. 315, 319. *Bogdanowicz* v. *Director of the Div. of Employment Security,* 341 Mass. 331, 334. *Glazier* v. *Andrews,* 349 Mass. 417, 419. Wigmore, Evidence (3d ed.) § 2034.

The question before us is not whether there was substantial evidence before the referee to support his finding of work-related expenses of $11 a month. There was. The fact that there was additional oral testimony before him which, if believed, would have supported a finding that the applicant had work-related expenses of more than $11 does not entitle the applicant to relief in this proceeding. The referee apparently did not believe that additional testimony. In that situation it is not open to the judge, either on the record or on the basis of repeating the testimony in a hearing before him, to substitute his views for those of the referee as to what should be the determination of the facts. *Olechnicky* v. *Director of the Div. of Employment Security,* 325 Mass. 660, 662–663. The court cannot accept as credible testimony which the referee did not believe and thus contravene the finding of the referee. *Martin* v. *Director of the Div. of Employment Security,* 347 Mass. 264, 268–269.

Since the applicant has not sustained her burden of proving as a fact that she incurred work-related expenses in excess of $11 a month, we do not reach the question of the alleged invalidity of the department's rule on such expenses. The part of the final decree which ordered the decision of the department's referee affirmed is correct. However, the final decree included a second paragraph to the effect that "the appeal of the . . . [plaintiff] be and is hereby dismissed." This latter provision is not necessary or appropriate to the final decree and should be omitted therefrom. As thus

modified, the final decree is affirmed, with costs to neither party.

*So ordered.*