Houston, J.
Plaintiff John McKenna (McKenna) seeks judicial review pursuant to M.G.L.c. 30A, §14, of the affirmation by the Division of Administrative *272 Law Appeals (DALA) of the denial of his accidental disability retirement by the Stoneham Retirement Board (SRB). McKenna requests that this court set aside SRB’s decision, as well as the decision of the DALA affirming SRB’s denial, and order that McKenna be awarded an accidental disability retirement. Alternatively, McKenna requests that the matter be remanded and a second regional medical panel be convened. Finally, McKenna has filed a motion to submit additional evidence to this court pursuant to M.G.L.c. 30A, §14(5).
The parties agreed to submit this action for decision on the briefs. For the following reasons, McKenna’s request that the matter be remanded and a second regional medical panel convened is denied as is his request to present additional evidence. Also, the decision of the DALA affirming SRB’s denial of McKenna’s accidental disability retirement is affirmed.
BACKGROUND
McKenna was employed as a custodian by the Stoneham Public School Department when, on October 15,1986, he suffered a fall while at work. McKenna did not seek medical attention at the time of the accident, nor did he report the accident to his employer.
Between August of 1987 and February 1988, Mc-Kenna experienced a number of medical problems, including urological difficulties and difficulty walking. After visiting his family doctor in August 1987, Mc-Kenna ultimately was seen by Dr. Lawrence Borges, a neurosurgeon. Borges diagnosed McKenna with a herniated disc at T4-5 and in February 1988, performed a thoracotomy. McKenna was readmitted to the hospital in June 1988, and was diagnosed with a tethered spinal cord, for which he underwent surgery performed by Dr. Borges.
McKenna stopped working in February 1988, and on July 19. 1990, submitted an application for accidental disability retirement to the SRB. Dr. Borges completed the Statement of Applicant’s Physician in connection with McKenna’s application. Borges stated that McKenna was substantially unable to perform the duties of his job, that such disability was likely to be permanent, and that McKenna’s injury was such as might be the natural and proximate result of the October 15, 1986 fall.
On October 14, 1990, McKenna was examined by a Regional Medical Panel which unanimously concluded that although McKenna was physically incapacitated and substantially incapable of performing his job, his incapacity was not such as might be the natural and proximate result of the October 15, 1986 fall.
On November 28, 1990, the SRB denied McKenna's application and McKenna filed an appeal with the Contributory Retirement Appeal Board (CRAB). On July 15, 1992, the DALA, which heard the appeal to CRAB, affirmed SRB’s denial ofMcKenna’s accidental disability retirement and the administrative record of this proceeding is currently before the court. None of the parties filed any objections to the DALA’s decision and on August 12, 1992, McKenna filed the current action for judicial review.
DISCUSSION
A. McKenna’s Motion to Present Additional Evidence Pursuant to M.G.L.c. 30A, §14(5)
McKenna has filed a motion with this court pursuant to M.G.L.c. 30A, §14(5), to have admitted for judicial review documents that were not admitted into evidence at the DALA hearing. McKenna asserts it was procedural error not to admit 1) a deposition of Dr. Borges taken in a separate claim brought by McKenna for worker’s compensation, and 2) certified copies of pages taken from orthopedic textbooks. McKenna submitted these documents at the DALA hearing where the Administrative Magistrate denied McKenna’s request to admit them into evidence. However, the textbook pages were taken under advisement by the Administrative Magistrate and were cited in her decision.
The Administrative Procedure Act confines judicial review of administrative appeals to the record “except that in cases of alleged irregularities in procedure before the agency, not shown in the record, testimony thereon may be taken in court.” M.G.L.c. 30A, §14(5). Chapter 30A, Section 14(6) further provides that when the court is satisfied that additional evidence is material to issues in the case and there exists a good reason why it was not offered before the agency, the court may order that such evidence be taken before the agency and the agency may then choose to modify its findings and decision. See Benmosche v. Board of Registration in Medicine, 412 Mass. 82, 88 (1992); She Enterprises, Inc. v. State Building Code Appeals Board, 20 Mass.App.Ct. 271, 273 (1985); Duato v. Commissioner of Public Welfare, 359 Mass. 635, 639 (1971) (reviewing court may hear evidence and make findings only where it is necessary to show procedural irregularities not disclosed by agency record).
The evidence in question was offered at the agency hearing and McKenna has made no showing of any procedural irregularities which led to the Administrative Magistrate’s decision not to admit the offered materials into evidence. Additionally, the Magistrate did in fact consider the treatises in reaching her decision and Dr. Borges’s testimony was admitted in the form of the Statement of Applicant’s Physician, as well as medical records and correspondence. Therefore, McKenna’s motion to present additional evidence is denied and this court's review is confined to the existing administrative record.
B. McKenna’s Complaint for Judicial Review Pursuant to M.G.L.c. 30A, §14 1. Jurisdiction
Defendants argue that this court is without jurisdiction to hear this appeal because McKenna has *273 failed to exhaust his administrative remedies. Pursuant to the Administrative Procedure Act, an aggrieved party may seek review in this court of a final decision of an administrative agency. However, this court is without jurisdiction if the plaintiff fails to exhaust all administrative remedies prior to seeking judicial review. Construction Industries of Massachusetts v. Comm’r of Labor & Industries, 406 Mass. 162, 166 (1989); East Chop Tennis Club v. Massachusetts Comm’n Against Discrimination, 364 Mass. 444, 450-51 (1973).
General Law c. 32, §16(4), as amended by St. 1990, c. 331, provides in relevant part that after a hearing before the DALA:
[T]he [DALA] shall submit to the parties a written decision which shall be final and binding upon the board involved and upon all other parties, . . . unless within fifteen days after such decision, (1) either party objects to such decision, in writing, to the contributoiy retirement appeal board, or (2) the contributory retirement appeal board orders, in writing, that said board shall review such decision
Defendants argue that the above cited language requires that a written objection be submitted to CRAB within fifteen days of the DALA’s decision in order to exhaust administrative remedies.
If the language of a statute is unambiguous, “it must be interpreted according to its usual and natural meaning.” Boston Teachers Union, Local 66 v. Boston, 382 Mass. 553, 561 (1981), and cases cited. Viewing the language of M.G.L.c. 32, §16(4) in accordance with this standard, it is clear that, once issued, a decision of the DALA is final and binding unless an objection is filed. Therefore, such a decision would only become non-binding if in fact an objection were filed. Here, neither McKenna nor CRAB chose to file an appeal with the DALA and, therefore, DALA’s decision was final and binding at the expiration of the fifteen-day period and ripe for judicial review.
2. Judicial Review Pursuant to M.G.L.c. 30A, §14(7)
General Law c. 30A, §14(7) allows a reviewing court to reverse, remand or modify the decision of an administrative agency if it is determined that a party’s substantial rights have been prejudiced because the agency’s decision was, among other things, based on errors of law, unsupported by substantial evidence, or arbitrary and capricious.[2] Substantial evidence is defined as “such evidence as a reasonable mind might accept as adequate to support a conclusion." G.L.c. 30A, §1(6).
The party appealing the administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bonds, 27 Mass.App.Ct. 470, 474 (1989). In reviewing the agency decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Flint v. Comm’r of Public Welfare, 412 Mass. 416, 420 (1992); M.G.L.c. 30A, §14(7).
The reviewing court may not substitute its judgment for that of the agency and "may not displace an administrative board’s choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Southern Worcester County Regional Vocational School Dist. v. Labor Relations Comm’n, 386 Mass. 414, 419-20 (1982). In deciding whether to award McKenna an accidental disability retirement, the SRB was governed by the provisions of M.G.L.c. 32, §§6-7. Basically, it must be found that McKenna is 1) permanently disabled such that, 2) he can no longer perform his custodial duties and 3) that his disability might be the natural and proximate result of a “personal injury sustained or a hazard undergone as a result of. and while in the performance of, his duties . . .” G.L.c. 32, §7(1).
The central dispute in McKenna’s case is whether he has met the third of these requirements, the showing of a causal connection between his disability and the accident of October 15, 1986. Where a regional medical panel has stated that a person’s disability might be the natural and proximate result of an injury sustained in the course of one’s work, “[t]he determination of the ultimate fact of causal connection under [G.L.c. 32] §7 [is] for the local board ...” and in making this decision, the local board may consider both medical and non-medical evidence. Wakefield Contributory Retirement Board v. Contributory Retirement Appeal Board, 352 Mass. 499, 503 (1967); Blanchette v. Contributory Retirement Appeal Board, 20 Mass.App.Ct. 479, 483 (1985). However, where at least a majority of the regional medical panel has answered “No” to the question of whether the disability of the party might be the natural and proximate result of the accident or hazard undergone on account of which retirement is claimed, the CRAB may not substitute its opinion for that of the medical panel. Malden Retirement Board v. Contributory Retirement Appeal Board, 1 Mass.App.Ct. 420, 424-25 (1973) (held that CRAB lacked power to order award of retirement to plaintiff where majority of the medical panel stated that plaintiffs disability was not such as might be the natural and proximate result of the accident or hazard undergone on account of which retirement was claimed); Kelley v. Contributory Retirement Appeal Board, 341 Mass. 611, 616-18 (1961) (where medical panel makes negative finding on issue of causation, applicant is not entitled to retrial of the medical facts absent showing that panel applied improper procedures or legal standards).
On the Certificate for Accidental Disability in the case at bar, the three doctors composing the regional medical panel found McKenna to be permanently *274 incapacitated and unable to perform his job. However, all three doctors answered “No" to question of whether McKenna’s injury might be the natural and proximate result of the fall of October 1986. Therefore, CRAB was correct in affirming the SRB’s decision to deny Mc-Kenna his accidental disability retirement.
Additionally, even if the medical panel had made a positive finding on the issue of causation, the decision of CRAB must still be affirmed. The Supreme Judicial Court has held that where the regional medical panel has made a positive finding of causation, such a finding, although not binding on the retirement board, is some evidence to be considered in the board’s determination. Wakefield Contributory Retirement Appeal Board v. Contributory Retirement Appeal Board, 352 Mass. 499, 502 (1967); Blanchette v. Contributory Retirement Appeal Board, 20 Mass.App.Ct. 479, 483 (1985). When the present panel’s conclusion is weighed along with other evidence on the record, it is clear that the DALA’s decision affirming SRB’s denial of McKenna’s accidental disability retirement was correct.
In reviewing the SRB’s decision, the DALA looked not only to the panel’s negative certification as to causation but also to numerous medical reports and the opinions and findings of the various doctors who treated and examined McKenna. Evidence in support of the finding that McKenna’s disability was not related to the fall of October 15, 1986, and that he was therefore not entitled to an accidental disability retirement included the deposition of Dr. Hinchey, examining physician for the workers compensation carrier, stating that he did not believe the fall and disability to be related, and McKenna’s own statements to Dr. Borges that his difficulty walking, a symptom of McKenna’s disc problem, did not begin until July 1987, some nine months after the accident. Additionally. there was evidence that another of McKenna’s symptoms, urological difficulties, had first appeared some twenty years earlier. Finally, there were the treatises submitted by McKenna which indicated that it was very rare that a condition such as McKenna’s would be caused by trauma. Therefore, even if the medical panel had made a positive finding on causation substantial evidence exists in support of CRAB’s affirmation of SRB’s denial of McKenna’s accidental disability retirement.
Finally, McKenna has made no showing of any procedural or legal errors on the part of the medical panel which might entitle him to the convening of a second regional medical panel and, therefore, this request is denied. See generally Kelley v. Contributory Retirement Appeal Board, 341 Mass. 611, 616-18 (1961).
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiff John McKenna’s motion to present additional evidence pursuant to M.G.L.c. 30A, §14(5) is DENIED. Further, it is hereby ORDERED that the decision of the Division of Administrative Law Appeals affirming the Stoneham Retirement Board’s denial of John McKenna’s accidental disability retirement be AFFIRMED.

 The court may also set aside the agency's decision where a party’s substantial rights are prejudiced because the agency’s decision was violative of the constitution, in excess of the agency’s authority, made on unlawful procedure or unwarranted by facts found by the court on the record. M.G.L.c. 30A, §14(7).