STANLEY U. ROBINSON, THIRD, *vs.* DEPARTMENT OF
PUBLIC UTILITIES.

Suffolk. October 7, 1993. - December 28, 1993.

Present: LIACOS, C.J., WILKINS, ABRAMS, & O'CONNOR, JJ.

*Department of Public Utilities. Telephone Company. Practice, Civil*, Re-
view of order of Department of Public Utilities. *Public Utilities*, Inter-
vention. *Due Process of Law*, Public utilities. *Administrative Law*,
Standing. *Jurisdiction*, Administrative matter.

The Department of Public Utilities did not, in the circumstances, err in
denying a residential ratepayer's petition to intervene as a full party in
a rate proceeding and, instead, granting the petitioner limited partici-
pant status; consequently, because the petitioner was not a full party to
the proceeding, he did not qualify as an aggrieved party in interest with
regard to that proceeding, and a single justice of this court correctly
dismissed the petitioner's appeal for lack of subject matter jurisdiction.
[671-674]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on November 1, 1990.

The case was heard by *Nolan*, J.

*Stanley U. Robinson, III*, pro se.

*Thomas A. Barnico*, Assistant Attorney General, for the
defendant.

ABRAMS, J. The plaintiff, Stanley U. Robinson, III, ap-
peals from a judgment dismissing his amended complaint on
the motion of the defendant, the Department of Public Utili-
ties (DPU). The DPU based its motion, in part, on Mass. R.
Civ. P. 12 (b) (1), 365 Mass. 754 (1974). Robinson asserts
that it was error to dismiss his amended complaint on juris-
dictional grounds. See Mass. R. Civ. P. 12 (b) (1). For the
reasons stated herein, we conclude that the DPU did not err
in denying Robinson full party status in D.P.U. 89-300. Be-
cause Robinson was not a full party to D.P.U. 89-300, he

does not qualify as an aggrieved party in interest with regard to that proceeding. Under G. L. c. 25, § 5 (1992 ed.), only an aggrieved party may appeal from a DPU decision. Consequently, a single justice correctly dismissed Robinson's appeal of the DPU's decision in D.P.U. 89-300 for lack of subject matter jurisdiction. See Mass. R. Civ. P. 12 (b) (1).

1. *Facts.* On December 20, 1989, Robinson filed a petition, which he later revised, to intervene in the New England Telephone and Telegraph Company's (NET's) rate proceeding docketed as D.P.U. 89-300. After reviewing Robinson's revised petition, a DPU hearing officer ruled that Robinson could participate in D.P.U. 89-300 as a "limited participant," but that Robinson was "not so sufficiently or specifically interested in th[e] matter as to warrant full participation as an intervener in the[ ] proceedings, given the complex and extensive nature of the proceedings and the limited time available to the Department to conclude hearings in th[e] matter."[1] As a limited participant, Robinson was permitted to receive all documents filed by the parties, to conduct written discovery, to examine witnesses by means of written questions submitted to the hearing officer or to the Attorney General, to file written briefs or memoranda, and to testify at public hearings. The DPU granted a number of other parties full intervener status.[2]

---

[1]Title 220 Code Mass. Regs. § 1.03 (1) (1986) provides that "[a]ny person who desires to participate in a [DPU rate] proceeding shall file a written petition for leave to intervene or to participate in the proceeding . . . [which] shall describe the manner in which the petitioner is substantially and specifically affected by the proceeding. . . . The Commission, or the presiding officer, . . . may grant a person leave to intervene as a party in the whole or any portion of a proceeding or may allow a person who is not a party to make limited appearance . . . as the Commission or the presiding officer may determine."

[2]The following parties were allowed to fully intervene: Attorney General of the Commonwealth; the United States Department of Defense; MCI Telecommunications Corporation; AT&T Communications of New England; U.S. Sprint Communications Company; the city of Boston; International Telecharge Inc.; Northeast Telephone Company, Inc.; Cointel, Inc.; IMR Capital Corporations; Independent Telecommunications Services; New England Coin Phone Inc.; American Paging, Inc.; Teleport Communications; the Commonwealth's Executive Office for Administration and

Robinson appealed the hearing officer's ruling to a DPU commissioner. In a written decision, D.P.U. 89-300, the commissioner held that the hearing officer properly balanced Robinson's interests as an individual ratepayer against the DPU's need to conduct the proceeding in a complete, efficient, and orderly fashion. The commissioner rejected Robinson's claim that he was entitled to be a party because he would be the only effective advocate for his position on "metropolitan service." The commissioner noted that "the Attorney General, who is authorized by [G. L. c. 12, § 11E (1992 ed.),] to represent utility customers, ha[d] indicated that he would participate extensively in th[e] case." The commissioner also rejected Robinson's claim that, with respect to Robinson, the hearing officer arbitrarily tightened the requirements for intervention in the DPU proceedings. The commissioner concluded that the hearing officer's decision to deny Robinson's petition to intervene as a full party and his decision to grant Robinson limited participant status were reasonable, not an abuse of discretion, and consistent with the applicable standards concerning intervention in DPU proceedings. See 220 Code Mass. Regs. § 1.03 (1986). See also note 1, *supra.*

Robinson participated in the rate proceedings which followed to the extent authorized by the DPU. In June, 1990, the DPU issued its decision on the merits of NET's proposed rate system. Only Robinson sought judicial review of that decision.

Pursuant to G. L. c. 25, § 5, Robinson filed an appeal with the single justice of this court. Thereafter, Robinson amended his claim of appeal. Robinson's amended complaint sought review of (1) the DPU's refusal to grant him full party status in D.P.U. 89-300 and (2) the rate decision itself. The DPU moved to dismiss the amended complaint pur-

Finance; Business Telecommunications Users Group; Blackstone Valley Chamber of Commerce; Communications Workers of America; International Brotherhood of Electrical Workers; town of Chester; town of Monson; town of Palmer; and State Representative Christopher J. Hodgkins.

suant, in part, to Mass. R. Civ. P. 12 (b) (1). The single
justice allowed the DPU's motion. Robinson appeals.

2. *Motion to dismiss for lack of subject matter jurisdic-*
*tion.* The DPU asserts that it correctly denied Robinson's pe-
tition to intervene as a full party in D.P.U. 89-300 and that,
as a limited participant in D.P.U. 89-300, Robinson does not
qualify as an aggrieved party in interest with regard to this
proceeding and, therefore, cannot appeal the rate decision on
the merits under G. L. c. 25, § 5.[3] The DPU argues that
because Robinson lacked standing to appeal the rate deci-
sion, his appeal should be dismissed pursuant to Mass. R.
Civ. P. 12 (b) (1) for lack of subject matter jurisdiction. In
order to assess the correctness of this claim, we must deter-
mine whether the DPU's decision to limit Robinson's partici-
pation was correct.

Robinson asserts that in denying his petition to intervene
while granting similar requests from other parties, the DPU
acted in an arbitrary and capricious manner. He concludes
that the DPU erred in denying him full participation. We do
not agree. In its decision limiting Robinson's participation,
the DPU explained that "those persons accorded full inter-
vener status in this case represent large groups of ratepayers,
have a major financial stake as large customers of NET's,
and/or provide telecommunications services to the public us-
ing NET services."[4] While Robinson claims to represent
381,870 metropolitan service customers and 117,043 Bay
State East metropolitan service customers, Robinson does not
have the right to speak for any NET ratepayer other than
himself. In deciding to grant full party status to individuals

[3]General Laws c. 25, § 5 (1992 ed.), restricts standing to appeal a DPU
decision to aggrieved parties in interest. It is undisputed that a limited
participant does not qualify as a party in interest. See *Attorney Gen.* v.
*Department of Pub. Utils.,* 390 Mass 208, 216-217 (1983) (Robinson's
"limited participant status" showed that he was not admitted to the pro-
ceeding as an intervener or party).

[4]Two union officials representing NET employees were accorded full
party status. The DPU justified its decision to allow these two individuals
full party status in D.P.U. 89-300 on the basis of their representative
capacity.

who represent either a large NET customer or a large number of NET ratepayers, see note 2, *supra*, while denying such status to Robinson who does not, it cannot be said that the DPU acted in an arbitrary or capricious manner.[5]

Robinson next argues that, even if the DPU's decision to deny his petition to intervene fully in this proceeding were sound and within the bounds of its discretion, it cannot be upheld because in denying his petition for full party status in this case, the DPU failed to demonstrate "reasoned consistency." We do not agree.

In *Boston Gas Co.* v. *Department of Pub. Utils.*, 367 Mass. 92 (1975), we said, "A party to a proceeding before a regulatory agency such as the [DPU] has a right to expect and obtain reasoned consistency in the agency's decisions. This does not mean that every decision of the [DPU] in a particular proceeding becomes irreversible in the manner of judicial decisions constituting res judicata, but neither does it mean that the same issue arising as to the same party is subject to decision according to the whim or caprice of the [DPU] every time it is presented. . . . In view of the [DPU's] prior pattern of treatment of this item, an unexplained deviation from that pattern cannot be permitted." *Id.* at 104-105.

Robinson asserts that the DPU violated the "reasoned consistency" mandate by denying his petition to fully intervene in D.P.U. 89-300 after granting his petition to so intervene in DPU consolidated cases 699/1041, which also concerned NET's metropolitan service rate service. Specifically, Robin-

---

[5]In *Boston Edison Co.* v. *Department of Pub. Utils.*, 375 Mass. 1, cert. denied, 439 U.S. 921 (1978), we reviewed a DPU order arising from a rate proceeding in which the DPU permitted Robinson to intervene fully. We noted that "[o]f the 4,700 or so pages of transcript . . . over 900 pages were taken up by Robinson's cross-examination of witnesses . . . [and a]nother 250 were taken up with the presentation of and cross-examination concerning his direct evidence." *Id.* at 45. In considering both this fact and the fact that Robinson represented only himself in this proceeding, we observed that "similarly extensive participation by an intervener in any future case should be permitted by the [DPU] only if careful consideration discloses special circumstances in justification." *Id.* at 46.

son contends that the DPU could not legally deviate from the pattern it established in D.P.U. 699/1041 with respect to his intervention status in rate-setting proceedings concerning metropolitan service without explaining its reasons for doing so. Contrary to Robinson's assertions, D.P.U. 89-300, although concerned with metropolitan service tariff rates, was not just a continuation of D.P.U. 699/1041 but was concerned with different aspects of metropolitan service. In addition, the record does not establish any sort of "pattern" with respect to Robinson and his intervention status by allowing him full party status in D.P.U. 699/1041. By allowing Robinson to fully intervene in one earlier proceeding concerning metropolitan telephone service rates, the DPU did not establish a "pattern" of conduct which requires it to allow Robinson full party status in all metropolitan rate cases.[6] Moreover, the requirement of "reasoned consistency" in *Boston Gas Co.*, *supra*, means that any change from an established pattern of conduct must be explained. *Id.* at 105. It does not mean that the DPU may never deviate from its original position. The commissioner noted that there was a short statutory deadline and a large number of representative persons to be heard and that Robinson could adequately raise his issues as a limited participant.

Robinson also claims that the DPU should have permitted him to fully intervene in D.P.U. 89-300 based on his contention that the Attorney General might not focus on his particular issues of concern. However, the possibility that the Attorney General may not pursue all of a residential customer's concerns in a rate proceeding does not require the DPU to give that customer full party status. "[A] residential customer alleging no peculiar damage to himself . . . [has] no constitutional or statutory right to participate fully in the proceeding." *Attorney Gen.* v. *Department of Pub. Utils.*, 390 Mass. 208, 217 (1983). See *Save the Bay, Inc.* v. *Department of Pub. Utils.*, 366 Mass. 667, 673-674 (1975).

---

[6] In D.P.U. 1720, D.P.U. 84-194, D.P.U. 85-266-A, and D.P.U. 85-271-A, Robinson was a limited participant.

The record does not reflect any peculiar damage to Robinson. There was no error.

Robinson further contends that the standards for participation were made "more stringent" for him. The commissioner noted that the persons accorded full intervener status represent "large groups of ratepayers, have a major financial stake as large customers of NET's, and/or provide telecommunications services to the parties using NET services." Robinson, as a single ratepayer, had to show "peculiar damage to himself." That standard was established prior to these proceedings and was not "arbitrarily tightened" in an effort to exclude Robinson as a full party. See *Save the Bay, Inc.* v. *Department of Pub. Utils., supra* at 673-674. The record does not support Robinson's claim that the DPU arbitrarily applied a higher, "stiffer" standard to him.

The record before the single justice was sufficient to determine that the DPU did not err in limiting Robinson's participation. Because there was no error in limiting Robinson's participation, there was no error in the dismissal of the appeal for lack of subject matter jurisdiction. See note 3, *supra*. See also Mass. R. Civ. P. 12 (b) (1).

*Judgment affirmed.*