Kern, Leila R., J.
INTRODUCTION
This matter is an appeal pursuant to M.G.L. 30A, §14 for judicial review of the Town of Southbridge Board of Health’s approval of a minor modification to the site assignment for an existing landfill.[4] The defendants now request that this court dismiss the plaintiffs claims pursuant to Mass.R.Civ.P. 12(b)(1) for lack of standing and 12(b)(6) for failure to state a claim upon which relief may be granted. For the following reasons, the defendants’ Motion to Dismiss is DENIED.
BACKGROUND
On February 27, 2008, the Southbridge Recycling and Disposal Park, Inc., which operates a landfill facility under a contract with the Town of Southbridge, requested a “minor modification” under G.L.c. Ill, §150A and 310 Code of Mass. Reg. 16.00 to the existing site assignment. Specifically, SRD asked Southbridge Board of Health for permission to accept (1) larger volumes of construction and demolition debris and municipal solid waste, and (2) any municipal solid waste, regardless of its geographic origin. The Board held a series of eleven public hearings between March 27 and May 20,2008. The Board heard testimony from approximately sixty participants, received 72 exhibits and 7 charts in order to determine whether the proposed minor modification would result in a threat to public health, safety or the environment. See G.L.c. Ill, §150A. On March 27, 2008, the Hearing Officer admitted the Twenty-eight Citizens Groups, represented on review by their attorneys, as interven-ers. The Citizens Groups presented witnesses, cross-examined the Board’s witnesses, submitted and responded to motions, presented opening statements and submitted closing arguments as well as a proposed decision.
DISCUSSION
I. Standard of Review
The Supreme Judicial Court recently adopted the standard set forth by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007), for motions to dismiss, which states: “While a complaint attacked by a . . . motion to dismiss does not need detailed factual allegations ... a plaintiffs obligation to provide the ‘grounds’ of his entitle[ment] to relief requires more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) ...” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp., 127 S.Ct. at 1964-65 (internal quotations omitted). At the pleading stage, the plaintiff is required to present “factual allegations plausibly suggesting (not merely consistent with) an entitlement to relief, in order to reflect the threshold requirement of *172 [Fed.R.Civ.P.] 8(a)(2) that the plain statement possess enough heft to sho[w] that the pleader is entitled to relief Iannacchino, 451 Mass. at 637, quoting Bell Atl. Corp., 127 S.Ct. at 1966 (internal quotations omitted). The defendants have based their motion to dismiss on two grounds, (1) the adequacy of the complaint and (2) the plaintiffs’ lack of standing.
II. Adequacy of the Complaint
The defendants contend the Complaint fails to state a claim because it does not identify any injury to the plaintiffs’ legal rights or interests caused by the Board’s decision. However, the Complaint alleges that as a result of the Board’s decision, the total tonnage of waste disposed of at the site will increase from 180.960 tons per year to 405,600 tons per year and the amount of municipal solid waste will increase from 24.960 to 405,600 tons per year. Additionally, the Complaint alleges that the increased garbage will bring with it flocks of scavenger birds, endangering an adjacent airport and thus the abutting towns and the citizens who live in them. Furthermore, the Board’s decision, attached to the Complaint and sufficiently referred to therein, addresses possible increases in traffic, litter, vermin, odors and other nuisance problems. Finally, the Complaint alleges that various procedural shortcomings of the Board Hearing resulted in a decision that failed to adequately measure the full environmental impact of the proposed minor modification. These facts state or plausibly suggest injuries to the plaintiffs or their property sufficient to state a claim upon which relief may be granted. Therefore, the defendants’ Motion to Dismiss under Mass.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted is DENIED.
III. Standing
The Massachusetts State Administrative Procedure Act provides that “(w)here a statutory form of judicial review or appeal is provided such statutory form shall govern.” G.L.c. 30A, §14. Under G.L. Ill, §150A, “any person aggrieved by a decision of the board of health . . . may . . . appeal under the provisions of [G.L.c. 30A, §14].” A person is “aggrieved” if their substantial rights have been prejudiced. Duato v. Comm’r of Pub. Welfare, 359 Mass. 635, 637-38 (1971) (reviewing c. 30A appeal). However, a party allowed to intervene in the administrative proceeding may intervene in the appeal of the decision as a right, without any requirement of showing that they are “aggrieved.” G.L.c. 30A, §14(2). In the present appeal, the 10-Citizen groups are the original plaintiffs, not interveners, in the Superior Court suit. The question, then, is whether the plaintiffs have standing to sue as “aggrieved persons” by virtue of their status as interveners in the administrative proceeding, or whether they must show particular aggrievement in order to maintain their suit against the Board.
There is no answer to this question within the text of G.L.c. 30A. It is necessary to look to cases applying analogous statutes that have allowed interveners to appeal final decisions without proving that they are aggrieved. Appeals under G.L.c. 25, §5, which provides review for parties aggrieved by decisions of the Department of Public Utilities and its subordinate agencies, are analogous proceedings subject to the provisions of chapter 30A. See Box Pond Assoc. v. Energy Facilities Siting Bd., 435 Mass. 408, 410 (2001). G.L.c. 25 contains a nearly identical provision regarding appeal of final agency decisions as that contained in G.L.c. 111, §150A. Chapter 25, §5 states: “An appeal as to matters of law from any final decision, order or ruling of the commission may be taken to the supreme judicial court by an aggrieved party in interest . . .” The judicial interpretation of this provision on questions of standing to appeal a final agency decision is instructive.[5]
In Save the Bay, Inc. v. Dept. of Pub. Utilities, 366 Mass. 667, 672 (1975), the defendant-intervener New England LNG challenged Save the Bay’s standing, claiming it was not “an aggrieved party in interest for the purpose of appeal under G.L.c. 25, §5.” The Court stated that whether one is a party to an adjudicatory proceeding with standing to seek judicial review is guided by G.L.c. 30A, §1(3). Id. at 673. Chapter 30A states that a party to a proceeding is, among other definitions, “any other person allowed by the agency to intervene as a party.” G.L.c. 30A, § 1 (3)(c). Thus, a petitioner may establish standing under c. 25, §5 by alleging that the agency allowed the petitioner to intervene in the administrative proceeding. Id.; see also Town of Andover v. Energy Facitilies Siting Bd., 435 Mass. 377, 378 n.3 (2001) (interveners granted full party status in administrative proceeding had standing to seek judicial review under c. 25, §5); cf. Robinson v. Dept. of Pub. Utilities, 416 Mass. 668, 668-69 (1993) (party given “limited participant status” in administrative proceeding was not an aggrieved party in interest and not entitled to judicial review).
In the present case, the petitioners were granted full party status in the proceedings below. They were allowed to intervene by the Board of Health and fully participated in the proceedings. The defendants do not challenge the plaintiffs’ status as an intervener, but instead claim that the plaintiffs have not alleged any injury to their legal rights or interests. The above cases indicate that once a person is permitted to fully participate in the administrative proceeding as an inter-vener, he is aggrieved by an adverse decision and entitled to seek judicial review of the decision.
This court rejects the defendants’ arguments based upon zoning appeals. (G.L.c. 40A.) A person aggrieved by a decision of a zoning board may seek judicial review of the decision. (G.L.c. 40A, §17.) Abutters impacted by a zoning decision are presumed to be aggrieved. Barvenik v. Bd. of Alderman of Newton, 33 Mass.App.Ct. 129, 131 (1992). However, if that presumption is challenged, the party seeking “aggrieved” *173 status must establish that he has an interest in the outcome that is special and different from that of the general community. Id. at 131-32. This rebuttable presumption may be applicable to G.L.c. Ill, § 150A, but it does not affect the plaintiffs’ standing at this early stage. The plaintiffs have alleged sufficient facts to show a particularized injury as close neighbors to an expanded landfill to defeat a motion to dismiss. See Goldberg v. Bd. of Health of Granby, 444 Mass. 627, 631 n. 5 (2005) (“we assume without deciding . . . that as close neighbors of the landfill, who complained of the negative impacts of an enlarged landfill on their health and property, the plaintiffs were ‘aggrieved’ . . .”)
ORDER
For all of the foregoing reasons, the defendants’ Motion to Dismiss is DENIED.

/n re Southbridge Recycling and Disposal Park, Inc., Site Assignment Minor Modification for: Southbridge Sanitary Landfill at 165 Barefoot Road, Southhridge, MA 01550, Decision and Statement of Findings, Town of Southbridge Board of Health (June 9, 2008).

The term “party” found in G.L.c. 25 is a more stringent standard than the term “person" used in G.L.c. 30A, but for the purposes of determining whether an intervening party has standing to appeal under 30A, the distinction is not relevant.